Related DDJ

FILED

**IVAN RENE MOORE**
1236 South Redondo Blvd
Los Angeles, CA 90019

**PLAINTIFF, In Pro Se**
(323) 932-9439

PAID

JUN 3 0 2017

Clerk, US District Court
COURT 4612

2017 JUN 30  AM 11: 24

CLERK US DISTRICT COURT
LOS ANGELES

BY:

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LA CV 17  04828-ODW-GJS

IVAN RENE MOORE,

        Plaintiff, an individual,

vs.

WELLS FARGO BANK, N.A., a National
Bank;  UNITED STATES MARSHALS; a
US Agency; ASSET RELIANCE, INC.; a
California Corporation;  CRAIG HANSEN
an individual , and as an Agent for WELLS
FARGO BANK, N.A;  EDWARD D.
TESTO, an individual , and as an Agent for
ASSET RELIANCE, INC.; GEORGE
BARBOUR,  an individual, AND DOES 1
THROUGH 25,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:**

**VERIFIED FIRST COMPLAINT FOR:**

1. VIOLATION OF 42 U.S.C § 1983
2. VIOLATION OF RIGHTS UNDER 5TH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CALIFORNIA CONSTIUTION
3. CONVERSION
4. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
5. NEGLIGENCE INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
6. TRESPASS TO CHATTEL
7. REPLEVIN
8. VIOLATION OF BUSINESS AND PROFESSIONS  CODE § 17200 ET SEQ
9. NEGLIGENCE
10. FRAUD AND DECEIT
11. VIOLATION OF US BANKING STATUTES
12. CONSTRUCTIVE TRUST
13. ACCOUNTING
14. PUNITIVE DAMAGE ALLEGATION

**DEMAND FOR JURY TRIAL**


**ORIGINAL**

1

Plaintiff, **IVAN RENE MOORE**, ("Plaintiff"), alleges:

# I

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C.§ 1331**, which gives district court

Original jurisdiction over civil actions arising under the Constitution, and laws of the United

States, and for violation of Rights that are secured under **42 U.S.C. § 1983**.

2. Furthermore, this court has supplemental jurisdiction over state claims pursuant to **28**

**U.S.C. § 1367.**

3. Venue is proper in this judicial district under **28 U.S.C. § 1391**, because the events

that gave rise to this Complaint occurred in this district.

# II

## PARTIES

4. Plaintiff, **IVAN RENE MOORE**, an individual, is now, and at all times, relevant to this

action, and is a resident of the County of Los Angeles, State of California.  Plaintiff was in

lawful possession of certain properties, until February 12, 2012, when they were converted and

trespassed upon by Kimberly Martin-Bragg, aka Barbour, who refused to return them to Plaintiff,

despite a Judgment in his favor and a court order that she and her agents and attorneys return

them.  She conspired with Defendants, allowing them to convert these properties while she and

Defendant, George Barbour, were in unlawful possession.  These properties were converted by

Wells Fargo Bank, United States Marshals and others, on about April 20th, 2017.  Plaintiff

alleges that many of said properties were personal and business properties belonging to

 Ronald Hills, AC Cotton, West Viking Studio, Willie and Ima Moore, Rick Wilson, Mike Starr,

Mark Rezyka, Joe and Hellen Easton, James Butler, Loren Chaney, Solid State Logic, ("third

parties"), and others.  The properties were in unlawful possession of the Kimberly Martin-Bragg Barbour and Defendant, George Barbour when they were unlawfully converted, and taken by Defendants, Wells Fargo and others.

5.  Defendant, WELLS FARGO BANK, N.A., ("WELLS FARGO"), a national banking association, is existing under the laws of the United States, and was at all times pertinent, conducting business in the County of Los Angeles, State of California.  Plaintiff alleges that, Defendant, WELLS FARGO BANK, N.A., ("Wells Fargo"), intentionally and substantially interfered with certain personal properties, by filing false and fraudulent court documents, and by employing or engaging the service of the United States Marshals to impermissibly, and unlawfully take dominion and control of the property of Plaintiff and other third parties. Thereafter, Defendant, Wells Fargo, converted said property without any legal justification. Wells Fargo knew that the properties they converted belonged to Plaintiff Moore and to the other third parties.  Kimberly Martin-Bragg, aka Barbour, and Defendant George Barbour also knew the properties belonged not only to Mr. Moore, but to other third parties.  Many of the third parties had made claims for their property in the Chapter 11 Bankruptcy, and the Chapter 7 Bankruptcy of Martin-Bragg, aka Barbour.  Her attorneys and the Wells Fargo attorneys also knew this fact.  As a result of the fraudulent statements of Wells Fargo and Kimberly Martin-Bragg, aka Barbour, the United States Marshals failed to conduct a thorough investigation as they are under duty to do so, in order to ascertain who owned the properties.  Wells Fargo and others, including the Defendant, US Marshals, converted these properties and took them impermissibly, in violation of the 5th Amendment to the United States Constitution.  Even though, Wells Fargo is not a state actor, private companies can violate civil rights. Defendants

3

were acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.

6.  Defendant, UNITED STATES MARSHALS, ("US MARSHALS"), organized and existing under the laws of the United States, was at all time pertinent, conducting business with the County of Los Angeles, State of California.  Plaintiff is informed, believes, and thereon alleges that, Defendant, US MARSHALS, intentionally and substantially interfered with Plaintiff's personal properties by conspiring with, WELLS FARGO BANK, N.A., to impermissibly take certain personal property, without notice, in violation of the Due Process Clause of the 5th and 14th Amendment to the United States Constitution.  Defendants, UNITED STATES MARSHALS and WELLS FARGO BANK, unlawfully levied on the properties of third parties and on exempt property of Plaintiff.  Said properties were not the subject of Wells Fargo's Replevin action.

7.  Plaintiff further alleges that, all Defendants, including the United States Marshals and Wells Fargo, failed to investigate, and conduct due diligence to ascertain who owned the properties they converted and took impermissibly, in violation of the 5th Amendment to the United States Constitution.  Defendants were acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.

8.  Defendant, CRAIG HANSEN, is and at all times herein mentioned in this Complaint, an individual residing, and/or conducting business in the county of Los Angeles, State of California.  CRAIG HANSEN is an employee and/or agent of Defendant, Wells Fargo, and his acts are attributable to Wells Fargo.

//

//

9.   Plaintiff alleges that Defendant, CRAIG HANSEN,  ("HANSEN"), intentionally and substantially interfered with Plaintiff's personal properties by conspiring with other defendants to take possession of the properties, and then, refused to return them.  HANSEN knew that many of the properties Wells Fargo converted belonged to Plaintiff and to other third parties. Defendant, CRAIG HANSEN, was acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.

10.   Defendant, ASSET RELIANCE, INC., ("ASSET") a corporation, organized and existing under the laws of the State of California, was at all time pertinent, conducting business with the County of Los Angeles, State of California.  Plaintiff alleges that, Defendant, ASSET RELIANCE, INC., intentionally and substantially interfered with Plaintiff's and others personal properties by conspiring with other defendants to take possession of the properties, and then refusing to return them.  Defendant, ASSET RELIANCE, INC., knew that some of the properties belonged to other third parties, and to Mr. Moore, when they interfered with possession, and  was acting in conspiracy with other defendant(s), within the scope and course of its agency and employment.

11.   Defendant, EDWARD D. TESTO, is and at all times herein mentioned in this Complaint, an individual residing in the county of Los Angeles, State of California.  EDWARD D. TESTO is an agent or an employee of Defendant, ASSET RELIANCE, INC., and his acts are attributable to them.   On information and belief, Plaintiff alleges that EDWARD D. TESTO is a participant in the unlawful inference of Plaintiff's personal properties, inducing participation in the interference with prospective economic advantage and interference with contractual relations herein sued on, in this verified complaint.  Defendant EDWARD D. TESTO, was acting in

conspiracy with other defendant(s), and within the scope and course of its agency and employment.

12. Defendant, GEORGE BARBOUR, is and at all times herein mentioned in this complaint, an individual residing in the County of Los Angeles, State of California. Plaintiff alleges that GEORGE BARBOUR has knowledge that the property belonged to Plaintiff Moore and other third parties, yet he participated in the wrongful retention of these properties, for some years. Barbour has been to Court, and knows that Plaintiff Moore was awarded the return of these properties in the action he won against Barbour's claimed spouse, Kimberly Martin-Bragg, aka Barbour. Defendant Barbour intentionally and substantially interfered with Plaintiff's personal properties by conspiring with other defendants to take possession of the properties and refused to return them. Defendant GEORGE BARBOUR, was acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.

13. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as Does 1 through 25, inclusive, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes that each fictitiously named defendant is responsible, in law and in fact, for the obligations alleged herein. Plaintiff is informed and believes, and thereon alleges that at all relevant times, each of the defendants was acting in conspiracy with other defendant(s), and within the scope and course of its, his, or her agency and employment.

//

//

## III

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.  For over twenty years, Plaintiff, IVAN RENE MOORE and others, including Ronald Hills, were and are colleagues and business associates in various businesses, opportunities and ventures, including but not limited to music production, recording, managing, leasing, renting, investing, and other business opportunities.  Much of their business was operated from a multi-million dollar music production studio located in Mr. Moore's and Mr. Hills' home and office of over the past twenty plus years.  Their home is located at 6150 Shenandoah Avenue, Los Angeles, California 90056. The property in question is valued in excess of $20,000,000, and a large part of the property is one of a kind and irreplaceable items, bought and collected over twenty-years.  It includes personal, business, corporate, legal, and professional properties.  A majority of these properties were not subject to any Replevin action filed by Wells Fargo Bank.

15.  Plaintiff alleges that, Defendant, UNITED STATES MARSHALS, ("US MARSHALS"), organized and existing under the laws of the United States, was at all time pertinent, conducting business with the County of Los Angeles, State of California.  Plaintiff is informed and believes, and thereon alleges that Defendant, U.S MARSHALS, intentionally and substantially interfered with Plaintiff's personal properties by conspiring with WELLS FARGO BANK, N.A., to impermissibly take these properties, without notice, in violation of the Due Process Clause of the 5th and 14th Amendment to the United States Constitution.  Defendants, UNITED STATES MARSHALS and WELLS FARGO BANK, unlawfully levied on the properties of third parties that were in lawful possession of the Plaintiff.  Said properties were not the subject to the Replevin action.

Wells Fargo knew this, yet they filed secret, false and fraudulent papers with the US District Court, to gain access to the properties, and to lead the US Marshals into believing that Wells Fargo had the right to gain possession of all of this property.  Wells Fargo did this in conspiracy with Kimberly Martin-Bragg, aka Barbour, her attorneys, and agents, and Defendant George Barbour and possibly others.  Kimberly Martin-Bragg, aka Barbour, ("Bragg"), has admitted she conspired with Wells Fargo.  Plaintiff is informed and believes, and upon such information and beliefs, alleges that Bragg conspired to give Wells Fargo Plaintiff's and other third parties' property, because Plaintiff Moore holds a Judgment against Bragg for the return of the property, or the payment in Judgment of $3,150,000.00 plus costs and interests awarded to Mr. Moore on July 31, 2013, from the Judgment entered in September of 2013.  Bragg has since filed bankruptcy twice to avoid returning the property or paying the Judgment.  (See In Re: Kimberly Martin-Bragg dismissed for cause, and In Re: Kimberly Barbour, aka Martin-Bragg, aka Bragg). On information and belief, Bragg has a propensity for stealing the property of others, including the elderly, by taking homes and personal property, and claiming them to be given to her or purchased by her.  Bragg is a disgraced LAPD Officer and a Real Estate Agent.  Plaintiff further alleges that United States Marshals and Wells Fargo Bank failed to conduct due diligence to ascertain who owned the properties they converted and took impermissibly, in violation of the 5th Amendment to the United States Constitution.  Defendants were acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.  Defendants were acting in conspiracy with other defendant(s), and within the scope and course of its agency and employment.

16. On February 12, 2012, Mr. Moore was unlawfully evicted from his home, by Kimberly Martin-Bragg. That unlawful eviction was later reversed in full by the California Court of Appeal Second District; see **Bragg vs. Moore 219 Cal App 4th**, (2013). Despite winning the appeal, Mr. Moore is still not in possession of his home. Bragg is still there. Mr. Moore and Mr. Hills' properties, as well as many other third parties properties, were wrongfully kept by Kimberly Martin-Bragg since then. Kimberly Martin-Bragg, aka Barbour, knew that she had wrongfully kept this property, which is the property of the Plaintiff and others.

17. Plaintiff alleges on information and belief, Kimberly Martin-Bragg, aka Barbour, at some point, married Defendant Barbour, who has also claimed and bragged to have the property, and swore to sell it or keep it. On information and belief, he, Barbour, resides at Mr. Moore's and Hills' home located at 6150 Shenandoah, and has and had management and control of the premises and the property contained therein. He also has access to storage facilities where the property may be stored, and or was stored. Defendant George Barbour has continuously failed to return Plaintiff's property, despite his knowledge that the property belongs to Plaintiff and other third parties, and despite a Court Order that Bragg and all of her agents and attorneys do so.

18. Since the eviction in February, Mr. Hills has been seeking the return of his property. In 2013, Mr. Moore won a conversion and trespass to chattel action for some of these properties, and Bragg, aka Barbour, was under Court Order to return them, but she has not. Defendant Barbour has been present in court, and is well aware of Plaintiff's, Mr. Moore's, Judgment and orders about the property, but he has failed to return them.

19. During this period, and continuing to the present day, Bragg, aka Barbour, and the defendants began to conspire to keep these properties, or to transfer them between each other, and to deprive more permanently, Plaintiff's property from him.

She has admitted selling some of the property. Bragg, aka Barbour, has made statements under oath admitting that she is an agent of another Defendant believed to be Defendants, Wells Fargo and/or Asset. Asset has had access and control of the property for a period, and on information and belief is acting as an agent of Wells Fargo.

20.  Bragg, aka Barbour, is now in bankruptcy, but still unlawfully exercising control and dominion over the property.   Bragg, aka Barbour, is claiming she is broke, but has admitted in the trial of Moore vs. Bragg BC 480013, under oath, to selling off the property.  Her husband, Defendant Barbour, is a participant in her wrongful conduct, and has knowledge of the Judgment and of the two bankruptcies, his purported wife filed, which contain claims by Mr. Moore and many other third parties for the return of their property.

21.  Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, each of them, have taken or are in wrongful possession of Plaintiff's personal properties.  They have refused or are refusing to return them when demand for the properties was made.  Plaintiff alleges that they are or have conspired to deprive him permanently of his property, despite the fact, that they know the property is his.  They have in essence re-converted these properties a second time, after Mr. Moore won a unanimous nineteen day trial for conversion and trespass to chattel against Bragg. Despite the Judgment and award, Bragg, and her agents and attorneys, failed to return the property.   These personal and professional properties were stored and kept at the residence of the Plaintiffs, Ivan Rene Moore and Ronald Hills, located 6150 Shenandoah Avenue, Los Angeles, CA, where the Plaintiffs, Mr. Moore and Mr. Hills, conducted their business operations. Now Bragg, aka Barbour, Defendant Barbour, their attorneys, Wells Fargo and their attorneys,

have conspired, schemed, and concocted a plan to deprive Mr. Moore and the other third parties, permanently of their rightful and lawful property.

22.   Subsequently, KIMBERLY MARTIN-BRAGG, aka KIMBERLY BARBOUR, commenced a fraudulent unlawful detainer action against Plaintiff, IVAN RENE MOORE, thereby causing Plaintiff, Ivan Rene Moore, to be removed from his home of 20 plus years. Mr. Moore has obtained a judgment against her for the conversion and trespass to chattel and loss of earnings of his personal property.  To date, she has wrongfully and intentionally failed to return any of Mr. Moore's property.  And despite Plaintiff's requests, she has failed to return any of his and others property based on an unlawful scheme with Wells Fargo and others.

23.   Consequently, KIMBERLY MARTIN-BRAGG, aka KIMBERLY BARBOUR, and her spouse, GEORGE BARBOUR, have and continue to intentionally and substantially interfere with Plaintiff's personal  and business properties by unlawfully taking possession and preventing Plaintiff from having access to his personal properties and legal documents.  Plaintiff and all the third parties that had their property at 6150 Shenandoah, at the time of the eviction,  have made demand for the return of their properties; and each time, KIMBERLY MARTIN-BRAGG, aka KIMBERLY BARBOUR, and GEORGE BARBOUR, have refused to return Plaintiff's properties to Plaintiff.   This is a continuous and ongoing wrongful course of conduct.

24.   Subsequently, KIMBERLY MARTIN-BRAGG, aka KIMBERLY BARBOUR, and GEORGE BARBOUR, conspired to give and gave possession of Plaintiff's personal properties to WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, and EDWARD D. TESTO.   This is a continuous and ongoing wrongful course of conduct committed by Defendants, and each of them.   Plaintiff alleges that, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, and EDWARD D. TESTO, intentionally

and substantially interfered with Plaintiff's personal properties by taking possession and control over Plaintiff's personal properties without the consent of the Plaintiff.  And all of the Defendants knew that the property belonged to Plaintiff and others, at the time of the conspiracy and the wrongful conversion and trespass.

25.  In addition to the economic relationship plaintiff had with some of the owners of the property, Plaintiff was in an economic relationship with various other third party artists which required the use of his personal, business, and legal properties that are in the unlawful possession of the Defendants.  Much of this property is used in the method and manner of pursuing their professions.  The Defendants knew this and have known this since 2012.

26.  Plaintiff further alleges that, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and each of them, was aware of economic relationship between the Plaintiff, third parties, and Various Artists in the Music Industry and other third parties, and well aware of the continuing probability of future economic benefit to the plaintiff, IVAN RENE MOORE.

27.  On information and belief, Plaintiff alleges that, KIMBERLY MARTIN-BRAGG, aka KIMBERLY BARBOUR, and GEORGE BARBOUR, gave possession, either temporary or permanently, of Plaintiff's and other third parties' properties to WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, and EDWARD D. TESTO.  KIMBERLY MARTIN-BRAGG and DEFENDANT GEORGE BARBOUR may have sold some of Plaintiff's and others' property.  Defendants named in this paragraph, conspired to deprive with each other, and continue to deprive Plaintiff of all of his pecuniary interest, and enjoyment of his personal properties without any privilege or legal authority to do so.  They certainly do not and never have had Plaintiff's consent.  They do not have the consent of any of the owners of the property.

28.   Plaintiff contends that the major significance of the conspiracy rests in the fact that it renders each participant, in the wrongful act, responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he/she was a direct actor, and regardless of the degree of his activity.  (See, *Applied Equipment Corp.*, 7 Cal.4th at p. 511, internal citations omitted.).

29.  On information and belief, Plaintiff alleges that, on or about  March of 2017, WELLS FARGO BANK filed false, secret, and fraudulent court documents, as is their habit, in the US District Court, and then conspired with the US MARSHALS, who then conspired with Wells Fargo, to deprive Plaintiff of the use and enjoyment of his personal properties without just compensation and without giving Plaintiff notice of their action.

30.   Plaintiff seeks damages against Defendants, WELLS FARGO BANK, N.A., UNITED STATES MARSHALS, ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 through 25, for each and every theory in this complaint.

31.   Plaintiff alleges that Defendants, WELLS FARGO BANK, N.A.,  ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, and GEORGE BARBOUR, conspired to harm Plaintiff.  Plaintiff claims that he was harmed by these defendants, who impermissibly converted, trespassed, interfered, breached duties, committed fraud, violated court orders and other wrongful acts; and that these Defendants, are responsible for the harm because they were part of a conspiracy to commit these wrongful torts and acts.  Defendants, and each of them, named in this paragraph, were and are well aware that they were planning to commit the wrongful acts; and Defendants, named in this paragraph, agreed with each other and others, and intended that the wrongful acts be committed.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983

(Against Defendants, UNITED STATES MARSHALS and DOES 1 through 25)

Plaintiff re-alleges and incorporates by reference all preceding paragraphs, as though fully set forth herein, on information and belief, Plaintiff alleges that on or about April of 2017, the US MARSHALS recklessly and callously seized Plaintiff's personal, business, corporate and legal property without notice and without cause.  In doing so, they deprived Plaintiff of the use and enjoyment of his property under 42 US 1983.  Defendant, US MARSHALS, did so acting under color of law, and violated Plaintiff's civil rights by depriving Plaintiff's interest in his personal properties.

33.    Plaintiff alleges that by seizing his property, Defendant, US Marshals deprived Plaintiff of his fundamental rights to liberty and right to property, secured by the 5th and 14th Amendment to the Constitution, and the protection secured under 42 U.S.C. § 1983.

34.    Plaintiff alleges that as direct and proximate results of Defendants' conduct, Plaintiff has sustained substantial injuries in the amount to be determined by jury at trial.

35.    Plaintiff alleges that a federal right was violated, and similar to tort law, that the alleged violation was a proximate or legal cause of the damages that the plaintiff suffered. (*Arnold v. IBM Corp.*, 637 F.2d 1350 [9th Cir. 1981]).

36.    The Supreme Court has also held that **Punitive Damages** are available under section 1983 (*Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 [1983]).  Defendant's, US Marshals', conduct was reckless or callously indifferent to the federally protected rights of Plaintiff and others, or the defendant was motivated by an evil intent. Because the purpose of punitive damages is to punish the wrongdoer; such damages may be awarded even if the Plaintiff cannot show actual damages. (*Basista v. Weir*, 340 F.2d 74 [3d Cir. 1965]).

## SECOND CAUSE OF ACTION

## VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

(Against Defendants UNITED STATES MARSHALS and DOES 1 through 25)

37.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38.  On information and belief, Plaintiff alleges that, on or about April of 2017, the US MARSHALS recklessly and callously seized Plaintiff's personal, business, corporate and legal property without notice and without cause.  In doing so, they deprived Plaintiff of the use and enjoyment of his property under 42 US 1983.  Defendant, US MARSHALS, did so, acting under color of law, and violated Plaintiff's civil rights by depriving Plaintiff's interest in his personal properties under the US and the State of California Constitution.

39.  The California Constitution, **ARTICLE 1 DECLARATION OF RIGHTS,** provides: "SECTION 1.  All people are by nature, free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

40.  It further provides, "SEC. 24.  Rights guaranteed by this Constitution are not dependent on those guaranteed by the United States Constitution."

41.  In seizing the Plaintiff's property, intentionally, callously and recklessly, and without notice and cause, Defendant, US Marshals:  deprived Plaintiff of his ownership and use of enjoyment of his property; deprived Plaintiff of the right to practice his profession; deprived Plaintiff of his privacy rights, in that Plaintiff had many private items from his family, and from deceased and very famous artists and groups; and deprived Plaintiff of his right to happiness

under both the US and the California Constitution. California 37.  Defendants, US Marshals, were acting or purporting to act in the performance of their official duties.

42.  Defendant's, US Marshals', conduct violated  Plaintiff's, Ivan Rene Moore's, right to own, possess, and enjoy his property; to practice his profession; to seek happiness; and to enjoy his privacy.

43.  Plaintiff was harmed by the actions of the Defendant, US Marshals, and this deprivation by Defendant, US Marshals, was a substantial factor in causing Plaintiff's harm.

44. Plaintiff alleges that as direct and proximate results of Defendants' conduct, Plaintiff has sustained substantial injuries in the amount to be determined by jury at trial.

45. Plaintiff is entitled to seek punitive damages as a result of the intentional, callous, reckless, and despicable conduct of Defendant, US Marshals.

## THIRD CAUSE OF ACTION

## CONVERSION

(Against Defendants, WELLS FARGO BANK, N.A., US MARSHALS,

ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO; GEORGE BARBOUR,

and DOES 1 through 25)


46.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.   At all times herein mentioned, Plaintiff, had lawful possession of all of his personal properties, and the property of the other third parties.

//

//

48. Plaintiff, alleges that on or about April of 2017,  Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 through 25, wrongfully took dominium and control over personal properties that were in the lawful legal possession of the Plaintiff, but that were wrongfully in the possession of Kimberly Martin-Bragg, aka Barbour, and Defendant George Barbour and possibly others.

49. Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 through 25 intentionally and substantially interfered with Plaintiff's personal properties, by taking possession and control over Plaintiff's properties and by preventing Plaintiff, IVAN RENE MOORE, from having access to his properties. Plaintiff made several demands for the return of his personal properties and each time, Defendants, and each of them, refused to return Plaintiff's personal properties.

50. Plaintiff, orally and in writing, demanded the immediate return of the above-mentioned properties; but Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and each of them, has failed and refused, and continues to fail and refuse, to return the properties to plaintiff.

51. As a proximate result of Defendants' conversion, and the wrongful acts herein alleged, Plaintiff has been harmed and damaged in the sum of not less than $50,000,000.00, (Fifty Million Dollars), and such other amounts to be proven at trial.

52. Plaintiff alleges that Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

(AS TO DEFENDANTS WELLS FARGO BANK, N.A.,
ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR,
and DOES 1 through 25)

53.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54.  The elements of the tort of Intentional Interference Torts with Prospective Economic Advantage are:  (1) an economic relationship between the plaintiffs and some third person containing the probability of future economic benefit to the plaintiffs, (2) knowledge by the defendants of the existence of the relationship, (3) intentional acts on the part of the defendants designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) damages to the plaintiff proximately caused by the acts of the defendants. *Buckaloo v. Johnson,* (1975) 14 Cal.3d 815, 827.

55.  In seizing Plaintiff's property, in converting Plaintiff's property, Plaintiff, IVAN RENE MOORE, alleges that, Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 through 25, intentionally interfered with an economic relationship between Plaintiff, IVAN RENE MOORE, and  others, including but not limited to each other, and EN VOGUE, and SHEY, and several other Artists in Los Angeles, that would have resulted in an economic benefit to Plaintiff, IVAN RENE MOORE.

56.  Defendants, and each of them, had knowledge of Plaintiff's profession and his Grammy Award Nominations, and the fact that he was in a contractual relationship with third parties, from which he would benefit, was public information.

57. Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, acted with the intent to disrupt the relationship between Plaintiff and EN VOGUE, and SHEY, and other third parties, and several other Artists in Los Angeles.

58. Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, by intentional acts, designed to disrupt Plaintiff's relationships as described above, by the execution of fraudulent and illegal documents, and through intentional and malicious acts, and through the promulgation of fraudulent documents, to deprive Plaintiff of economic relationship with  EN VOGUE, and SHEY (Artist), and several other Artists in Los Angeles, and other third parties.

59. Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, effectuated and participated in interference, and disrupted Plaintiff's economic relationship with these third parties, and were the proximate cause of Plaintiff's harm.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (AGAINST ALL DEFENDANTS)

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Plaintiff, IVAN RENE MOORE, was in an economic relationship with, EN VOGUE, SHEY, and several other recording Artists and other third parties in Los Angeles, California, that probably would have resulted in a future economic benefit to Plaintiff.

61.  Plaintiff alleges that, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR and DOES 1 Through 25, knew of Plaintiff's relationship with EN VOGUE, and SHEY (Artist), and several other Artists in Los Angeles and other third parties, because it was public information.

62.  Plaintiff alleges that, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, knew or should have known that this relationship would be disrupted if each of them failed to act with reasonable care.

63.  Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, AKA SLEW FOOT, and DOES 1 Through 25, failed to act with reasonable care when Defendants, and each of them, interfered with the relationship with EN VOGUE, and SHEY (Artist), and several other Artists in Los Angeles and other third parties and when they trespassed, converted, and committed theft of Plaintiff's personal and professional properties that were essential to effectuate and perform the agreements between Plaintiff and the above-mentioned third parties. Plaintiff is continuously losing his ability to record and produce music, and has to turn down opportunities because of the wrongful conduct of Defendants.

64.  Plaintiff, alleges that, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, failed to act with reasonable care when Defendants, and each of them, interfered with Plaintiff's prospective economic advantage, and interfered with contractual relations between Plaintiff, EN VOGUE, and SHEY (Artist), and several other recording Artists in Los Angeles and other third parties.

65.  Plaintiff alleges that as direct and proximate results of Defendants' conduct, the business relationship between Plaintiff and EN VOGUE, and SHEY (Artist), and several other recording Artists in Los Angeles and other third parties was disrupted.

66.  As direct and proximate results of Defendants' conduct, Plaintiff has been harmed in their business to an amount exceeding $ 80,000,000.00, (Eighty Million Dollars), and accruing.

67.  Plaintiff alleges that WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25's wrongful conduct was a substantial factor in causing Plaintiff's harm.

68.  Plaintiff alleges that Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud; thereby, justifying the awarding of exemplary and punitive damages under California Civil Code 3294.

## SIXTH CAUSE OF ACTION

## TRESPASS TO CHATTEL

(AGAINST DEFENDANTS, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC.,

CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR,

and DOES 1 Through 25)

70.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.  At all times herein mentioned, Plaintiff, is the possessor and owner of some of the personal, professional, corporate, legal and other properties, and had the right to use and possess these and the properties of other third properties, properties referenced in Plaintiff's Exhibit "A."

72.  Plaintiff alleges that Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 through 25, by doing the acts aforementioned, intentionally interfered with Plaintiff's use and possession of his personal and professional properties, without any privilege and without the consent of the Plaintiff.

73.  Plaintiff alleges that Plaintiff has been harmed because of WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR   interference with Plaintiff's property.

74.  Plaintiff, orally and in writing, has demanded the immediate return of the above mentioned properties but Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR  , and each of them has failed and refused, and continues to fail and refuse, to return the properties to plaintiff.

75.  Plaintiff alleges that, Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages under California Civil Code 3294.

76.   Plaintiff alleges that, Defendant's interference was a substantial factor in causing Plaintiff's harm.

77.   As a proximate result of Defendants' interference and the wrongful acts herein alleged, Plaintiff has been harmed and damaged in the sum of not less than US $40,080,000.00. (Forty Million Eighty Thousand dollars) and such other amounts to be proven at trial.

//

//

//

## SEVENTH CAUSE OF ACTION

## REPLEVIN

### (AGAINST ALL DEFENDANTS)

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Plaintiff alleges that, Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR unlawfully seized goods and kept from Plaintiff his personal properties, including but not limited to (Exhibit "A").

80. Plaintiff further alleges that the above named Defendants were the agents, employees, servants, and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture and enterprise when they kept from and seized goods or personal properties belonging to the Plaintiff.

81. Plaintiff has made demand for the return of these properties, however, Defendants, and each of them, has refused to return Plaintiff's properties.

82. Through this action, Plaintiff seeks to replevin his property, including the property entrusted to him by other third parties. Plaintiff seeks immediate return and recovery of the property.

83. Plaintiff alleges that, Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, were the agents, employees, servants and/or the joint-ventures of KIMBERLY BARBOUR, aka KIMBERLY MARTIN- BRAGG, aka, KIMBERLY MARTIN, aka KIMBERLY BRAGG,

when they conspired to wrongfully take dominium and control over Plaintiff's and others personal properties, including but not limited to the items in, (Exhibit "A").

84.  Plaintiff alleges that Defendants act of wrongful dominion, control, and willful interference with Plaintiff's properties have substantially interfered with Plaintiff's right of possession and enjoyment of his, his family  and others personal and business properties.

85.  Plaintiff, orally and in writing, has demanded the immediate return of the above-mentioned properties, but Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, failed and refused, and continues to fail and refuse, to return Plaintiff's personal properties to Plaintiff.

86.  As a proximate result of Defendants' conversion and the wrongful acts herein alleged, Plaintiff has been harmed and damaged in the sum of not less than $ 70,000,000.00, (Seventy Million  Dollars), and such other amounts to be proven at trial, and Plaintiff seeks replevin of his and others property.

87.  The Defendants' acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

//

//

//

//

//

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

(AGAINST ALL DEFENDANTS)

88.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.   Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, have engaged in unfair, unlawful, and fraudulent business practices in the State of California, as set forth above.

90. Plaintiff is informed and believes, and thereon alleges that by engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of *Business & Professions Code* section 17200, et seq.

91. Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct that is likely to deceive and is fraudulent in nature.  Defendants have filed false and fraudulent court documents, and have published false statements about Plaintiff and Plaintiff's ownership and possession of his and others personal properties.

92.  Defendants have exercised dominion and control over Plaintiff's property without consent, unfairly, and using fraudulent business practices by Defendants, Wells Fargo. Defendants are in violation of court orders, which are known to them and published.  Defendants know that Plaintiff has not given anyone permission to inspect, control, keep, or exercise any control or dominion over his property or over the property of the others.  Defendants knew when they interfered with, damaged, seized and took wrongful possession of the property, that the

property they seized included property they had no right to seize, property that was owned by other innocent third parties, and property not subject to any rights or interest of Defendant.

93.   Plaintiff is informed and believes, and thereon alleges that Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25's conduct, for the reasons stated herein, is in direct violation of California Law.

94.   Plaintiff alleges that Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, facilitated, aided and abetted the illegal, deceptive, and unlawful practices as alleged. Plaintiff is informed and believes that Defendant BARBOUR acts as himself, and a sole proprietor of at least two businesses.

95.  Plaintiff alleges that on information and belief that, Defendants, WELLS FARGO BANK, N.A., ASSET RELIANCE, INC., CRAIG HANSEN, EDWARD D. TESTO, GEORGE BARBOUR, and DOES 1 Through 25, conspired to interfere with Plaintiff's personal properties, conspired to interfere with Plaintiff's prospective economic advantage, disparaged the name of Plaintiff, and unlawfully exercised dominium and control over Plaintiff's personal properties.

96.   As more fully described above, Defendants' acts and practices are likely to deceive members of the public, as to the property of Plaintiff.  This conduct is ongoing and continues to this date.

97.   As more fully described above, Defendants' acts and practices are unfair and deceitful, the harm caused by their conduct outweighs any benefit that their conduct may have. This conduct is ongoing and continues to this date.

//

98. Plaintiff allege that by engaging in the above described acts and/or practices as alleged herein, Defendants violated several laws including California Business & Professions Code section 17200, et seq. and must be required to disgorge all profits related to their unfair, unlawful, and deceptive business practices.

99. Plaintiff alleges that Defendants' misconduct, as alleged herein, gave Defendants an unfair competitive advantage over their competitors, by the conversion, and trespass of the Plaintiff's valuable properties. The scheme implemented by Defendants is designed to defraud Plaintiff and enrich the Defendants.

100. The foregoing acts and practices have caused substantial harm to Plaintiff. By reason of the foregoing, Defendants have been unjustly enriched, by collecting payments that they are not entitled to, and should be required to make restitution to Plaintiff, IVAN RENE MOORE, and others who have been harmed, and to be immediately enjoined from continuing in such practices pursuant to California Business & Professions Code sections 17203 and 17204.

101. As a direct and proximate result of the violations of California Business & Professions Code Section 17200 by Defendants conduct as alleged, Plaintiff, IVAN RENE MOORE, has been and is being damaged.

102. Plaintiff alleges that Section 17204 provides that "any person" may sue on behalf of "itself, its members, or on behalf of the general public." As such, Plaintiff brings this action under 17204, and any other applicable section.

//

//

//

//

## NINTH CAUSE OF ACTION

## NEGLIGENCE

(AGAINST ALL DEFENDANTS)

103.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

104.   "The elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 [50 Cal.Rptr.2d 309, 911 P.2d 496.

105.   Each Defendant by statute or by contract, has a legal duty and moral duty not to harm the Plaintiff or convert personal properties that were in lawful possession of the Plaintiff, and to use due care.

106.   Plaintiff alleges that Defendants breached their duty of care owed to Plaintiff when Defendants, UNITED STATES MARSHALS, ("US MARSHALS"), WELLS FARGO BANK, N.A., and others, impermissibly took certain personal property that was in the lawful possession of Plaintiff, without notice, without due process, callously, recklessly, deceitfully as described about, in violation of the Due Process Clause of the 5th and 14th Amendment to the United States Constitution.

107.   Defendants breach of their duty of care to Plaintiff was the proximate and legal cause of Plaintiff's harm.

108.   Plaintiff alleges that Defendants' breach is the actual and proximate cause of Plaintiff's injury which is in excess of $80,598,000.00 and accruing.

//

# TENTH CAUSE OF ACTION

## FRAUD DECEIT BY CONCEALMENT

### (AGAINST ALL DEFENDANTS)

109. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

110.   The elements of an action for fraud and deceit based on concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did, if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." (*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 29 Cal.Rptr.3d 874].)

111.   Defendants, and each of them, concealed to PLAINTIFF, the US District Court, and to the Los Angeles Superior Court, that they were aware that the property they were about to seize and did seize, was exempt from the Wells Fargo Judgement, and that some of it belonged to other third parties.  They concealed to these entities that Plaintiff, Mr. Moore, did since 2012, peaceably and lawfully try to regain ownership and possession of the property, in the final judgment in BC 480013, Moore vs. Martin-Bragg.  They failed to disclose and concealed that Martin-Bragg has been under at least two Court Orders to return the property.  They failed to disclose that they knew the property belonged to Mr. Moore and to other third parties.  This fact was public; and Mr. Moore and other third parties had filed claims in Bragg's, aka Barbour's,

two bankruptcies, one in 2014 and one in 2017. They failed to disclose that some of the property was the subject of a Judgment in Moore vs. Martin-Bragg, LASC Case. No. BC 480013. They failed to disclose that they knew the property they seized contained legal documents which evidenced the fraud on the part of Wells Fargo. They failed to disclose that Mr. Moore has always maintained throughout LASC BC 480013, that some of the property, Bragg, aka Martin-Bragg, aka Barbour, belonged to other third parties. She was aware of this from the time she converted the properties, in 2011.

112.  Plaintiff alleges that the Defendants, and each of them, concealed these facts intentionally.

113.  Had Plaintiff known of the ex-parte motions of Wells Fargo, and the secret and clandestine acts of all the other Defendants, and each of them, he would have appeared in the US District Court, and challenged the ex-parte with the truth.

114.  Plaintiff has been tremendously damaged by this fraud, deceit, and concealment.

### ELEVENTH CAUSE OF ACTION
### VIOLATION OF US BANKING LAWS
### UNDER THE FEDERAL RESERVE ACT
(AS TO DEFENDANT WELLS FARGO)

115.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116.  Plaintiff alleges that Defendant, Wells Fargo, violated US banking laws that they were required to uphold, by the filing of false statements to the Federal Reserve and the SEC, by filing false and forged documents in both the US Bankruptcy Court and the US District Court, and by the conversion and theft of Plaintiff's properties, by fraud, and by unsound business practices.

117.   Plaintiff alleges that Defendant, Wells Fargo, has been under many "Cease and Desist" orders of the Federal Reserve, and that they are in violation of such.

118.   Plaintiff has been harmed by these violations, and the harm is still occurring.

### TWELFTH CAUSE OF ACTION

### FOR CONSTRUCTIVE TRUST

(AGAINST ALL DEFENDANTS)

119.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.   As a proximate result of the Defendants fraudulent misrepresentations, and otherwise wrongful conduct, as alleged herein, Plaintiff has been damaged in a sum exceeding over $80,000,000.00.

121.   By reason of the fraudulent, and otherwise wrongful manner, in which the Defendants, or any of them, obtained their alleged right, claim or interest in and to the property, Defendants, and each of them, have no legal or equitable right, claim or interest therein, but instead, Defendant, Wells Fargo, their agents and others, and/or each of the Defendants and their agents, are involuntary trustees holding said property and profits therefrom in constructive trust for Plaintiff with the duty to convey the same to Plaintiff forthwith.

//

//

//

//

//

# THIRTEENTH CAUSE OF ACTION

## FOR ACCOUNTING

### (AGAINST ALL DEFENDANTS)

122.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

123.  Plaintiff alleges an accounting is necessary because of the type of nature and niqueness of his property does not lend itself to a recovery of it, and if it is lost, stolen, or damaged or further illegally hypothecated, the defendant has to account for each and every item of Plaintiff's property. Its value is not what Defendant and third parties have listed, if they are the parties in possession of the property.

124.   Plaintiff alleges that if some of his property is lost, stolen or damaged, and accounting is needed on the balance due from the Defendant to the Plaintiff, because Plaintiff alleges his right to recover a sum certain or a sum that can be made certain by calculation.

125.  Plaintiff alleges the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable, and an accounting is the only method by which Plaintiff can ascertain the value of the properties taken.

126.  Because of the uniqueness of many of the items taken by Defendants, and by the valuations listed by some Defendants, Plaintiff disputes any and all of these lists, and demands that the Defendants be compelled to make a proper accounting. Plaintiff, Ivan Rene Moore, and others have accumulated this property over twenty years, and are the only rightful and knowledgeable sources for the value of this property.

127.  For these reasons, this Court must enjoin any sales of this property, and must compel an accounting which Plaintiff conducts. Plaintiff and others are the only source of information about this property.

## PUNITIVE DAMAGE ALLEGATION
## AGAINST ALL DEFENDANTS

128.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

129.  The conduct of the Defendants, and each of them, is despicable, malicious, intentional, and is ongoing.

130.   Plaintiff seeks damages pursuant to Civil Code 3294. "Malice" means that a Defendant acted with intent to cause injury or that a Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A Defendant acts with knowing disregard when the Defendant is aware of the probable dangerous consequences of his, her, or its conduct, and deliberately fails to avoid those consequences.  Defendants, and each of them, know that they are conspiring to and concealing or exercising wrongful dominion and control over Mr. Hills' and other third party property.  They know that they have no rights or interest to the property of third parties who have made claims in the US Bankruptcy Court. Plaintiff alleges that Defendants' conduct was oppressive and despicable, and subjected Plaintiff, IVAN RENE MOORE, to cruel and unjust hardship, and violated his constitutional protected liberty interest.

//

131. Plaintiff alleges that punitive damages are warranted because Defendants' conduct was despicable, vile, base, or contemptible, and that it would be looked down on and despised by reasonable people. Furthermore, Defendants, and each of them, intentionally and willfully misrepresented or concealed material facts and did so intending to harm Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request a jury trial on all causes of action.

**WHEREFORE**, Plaintiff prays judgment against all Defendants, and each of them, as follows:

1. For compensatory damages in the sum of $90,750,000.00 for Conversion;
2. For compensatory damages in the sum of $60,649,000.00 for Intentional Interference with Prospective Economic Advantage;
3. For compensatory damages in the sum of $80,598,000.00 of Negligence Interference with Prospective Economic Advantage;
4. For compensatory damages in the sum of $80,546,000.00 for Trespass To Chattel
5. For compensatory damages in the sum of $90,750,000.00 for Replevin
6. For the sum of $86,248,000.00 for Violation of California B&P Code § 17200 et seq.

7. CONSTRUCTIVE TRUST
   For a declaration that Defendants and each of them hold the Plaintiff's property as constructive trustees for the benefit of the Plaintiff and others;
8. For an accounting and inventory, immediately, of what property Defendants, and each of them, have taken wrongfully;
9. For costs of suit herein incurred;
10. For interest allowed by law;

11. For such other and further relief as the court may deem lawful and proper.

Dated:   June 29th , 2017

IVAN RENE MOORE
Plaintiff, In Propria Persona

## VERIFICATION OF IVAN RENE MOORE

I, **IVAN RENE MOORE** declare as follows:

      1.      I am the Plaintiff in the above action.

      2.      I have personal knowledge of all the matters stated in this Complaint, and they are true as pleaded.   I have read the above Complaint and the factual statements contained therein, and they are made of my own personal knowledge, except those matters stated to be on information and belief, which I believe to be true.

      I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

**Dated**: June 29th , 2017

**IVAN RENE MOORE**

Plaintiff in Propria Persona

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| IVAN RENE MOORE | WELLS FARGO BANK N. A. |

| **(b)** County of Residence of First Listed Plaintiff  LOS ANGELES | County of Residence of First Listed Defendant _____ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| **(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | **Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| IVAN RENE MOORE<br>1236 Redondo Boulevard<br>Los Angeles, California  90019    TELEPHONE: 323 932-9439 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** 375,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
VIOLATION of 42 USC §1982; CONVERSION;  FRAUD AND OTHERS

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☒ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| **FOR OFFICE USE ONLY:** | Case Number: | LACV17  04828- ODW-GJS |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. → | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**   ☐ NO   ☒ YES

If yes, list case number(s):   HILLS vs WELLS FARGO, et al.  2:17-cv-03373-SVW(FFM)

**Civil cases** are related when they (check all that apply):

☒ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE:  JUNE 28, 2017

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |