UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br><br>    Plaintiff<br><br>    v.<br><br>WELLS FARGO BANK, et al.,<br><br>    Defendants. | Case No. 2:17-cv-04828-ODW (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT; AND ENTERING PRE-FILING ORDER** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action; the Report and Recommendation of United States Magistrate Judge [Dkt. 27 ("Report")]; Plaintiff's Objections to the Report [Dkt. 28]; Plaintiff's two Requests for Judicial Notice [Dkts. 29, 30]; the Reply of Defendants Wells Fargo Bank, N.A., Asset Reliance, Craig Hansen, Edward D. Testo (collectively "Bank Defendants") [Dkt. 31]; Bank Defendants' Supplemental Request for Judicial Notice [Dkt. 32]; and Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt. 33]. Defendant Gregory Barbour did not file objections or a reply. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Plaintiff's Objections appear to be an attempt to obfuscate the issues relevant to the only matters before the Court, namely, the two Dismissal Motions brought by the Bank Defendants and Defendant Barbour and the Vexatious Litigant Motion brought by the Bank Defendants. Plaintiff first reiterates his bailment theory, proffered in response to the Dismissal Motions, which constitutes a belated attempt to try out a completely new and inconsistent position with respect to Plaintiff's ownership (or lack thereof) of the personal property at issue in this action. As the Report correctly concludes, the issue of Plaintiff's ownership of the personal property at issue here already had been resolved against him repeatedly in several prior actions and, thus, is barred from re-litigation in this case by the doctrine of res judicata. Plaintiff's attempt to avoid the res judicata effect of these prior lawsuits by proffering here factual assertions that directly contradict those he made in the prior lawsuits, not only is ineffective to avoid the res judicata doctrine but raises substantial concerns under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff next objects to the Magistrate Judge's finding that a hearing on the Dismissal Motions and Vexatious Litigant Motion was not necessary [Dkts. 12, 16]. The Court finds that the procedure followed was appropriate and consistent with Local Rule 7-15. If Plaintiff believed a hearing was needed, he could have sought reconsideration from the Magistrate Judge or District Judge, but failed to do so. His belated complaint is not persuasive.

Plaintiff's position that he was "reluctant" or "hesitant" to inform the Court that he had allegedly encountered difficulty serving the U.S. Marshals Service is equally unconvincing. According to the declaration from the process server, Plaintiff attempted to serve the U.S. Marshals Service on July 12, 2017; just twelve days after the ninety-day deadline began to run under Rule 4(m). Plaintiff, therefore, had seventy-eight days after the alleged refusal of service by the U.S. Marshals Service to request assistance from the Court or to seek an extension of the Rule 4(m) deadline. Instead, Plaintiff did nothing, allowed the Rule 4(m) deadline

to expire, and then over six months later, when these Objections were filed, finally noted the issue. Given Plaintiff's active litigation in various state, federal, and bankruptcy courts—a litigation history so active that it has prompted the instant Vexatious Litigant Motion—the Court finds Plaintiff's allegation that he was hesitant to contact the Court to be wholly unpersuasive. Moreover, and as noted in the Report, given that Plaintiff's two claims against the U.S. Marshals Service are premised on a violations of 42 U.S.C. § 1983, and thus are not cognizable against this federal agency, good cause for an extension of time to serve a Defendant whose dismissal would be required simply does not exist. Accordingly, Plaintiff has failed to meet his burden of showing good cause for his failure to effect service of process on the U.S. Marshals Service and the Report did not err in concluding that this Defendant should be dismissed.

Aside from the above matters, nothing else set forth in the Objections warrants discussion, as the remainder of the Objections do not affect, alter, or call into question anything in the Report.

The Court now turns to the three Requests for Judicial Notice [Dkts 29, 30, 32]. Plaintiff's two Judicial Notice Requests [Dkts. 29, 30] are DENIED, because, while the Court may take judicial notice of court filings and other pleadings under Federal Rule of Evidence 201, the documents submitted by Plaintiff are not relevant to the two Dismissal Motions or Vexatious Litigant Motion currently pending before this Court. Rather, the court filings and pleadings proffered by Plaintiff concern a separate, closed case that is currently on appeal to the Ninth Circuit. [*See Moore v. Bragg*, C.D. Cal. Case No. 2:15-cv-8021-ODW (GJS).] The Court is not going to consider whether rulings made in a prior case were proper or not, because, at this juncture, the Ninth Circuit is the proper forum to consider issues relating to this

closed matter.[1] The Bank Defendants request that the Court judicially notice three recent bankruptcy court filings and pleadings in support of their Vexatious Litigant Motion [Dkt. 32]. This request is GRANTED, as the documents are the type of which judicial notice may be taken and are relevant to, and underscore, the reasons why the Magistrate Judge concluded that designating Plaintiff as a vexatious litigant, and issuing a pre-filing order, is appropriate.

Lastly, the Court has considered Defendants' request that the Court require Plaintiff to post a security as part of any pre-filing order to be issued. The Court declines to impose a security at this time, but notes that this issue may be revisited if circumstances change.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that:

(1) the Report is accepted;

(2) Defendants Wells Fargo Bank, Craig Hansen, Edward Testo, and Asset Reliance, Inc.'s Motion to Dismiss is GRANTED as follows [Dkt. 13]:

    a. the federal claim against Wells Fargo is dismissed with prejudice; and

    b. all state law claims are dismissed without prejudice.

(3) all claims against the United Marshals Service are dismissed without prejudice;

(4) George Barbour's Motion to Dismiss without prejudice is DENIED AS MOOT [Dkt. 10];

(5) Defendants' Vexatious Litigant Motion [Dkt. 14] is GRANTED as set forth in the Report;

(6) Plaintiff is hereby declared to be a vexatious litigant;

---

[1] Bank Defendants' Motion to Strike Plaintiff's Requests for Judicial Notice [Dkt 33] is DENIED AS MOOT in light of the Court's ruling above.

(7) A pre filing Order shall be issued as set forth below; and

(8) Judgment shall be entered dismissing this action consistent with the foregoing.

**PRE-FILING ORDER**

The Court enters the following Pre-Filing Order against Plaintiff:

(1) Any case-initiating pleading submitted by Plaintiff must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

(2) Any case-initiating pleading submitted by Plaintiff raising any such matter(s) is presumptively barred by reason of Plaintiff's vexatious litigant status and therefore will not be filed unless: Plaintiff concurrently submits a motion seeking leave to file the pleading that sets forth adequate justification for its filing and the initiation of the new case; and a District Judge or Magistrate Judge of this Court grants such leave and directs that the pleading be filed and the new case be initiated.

(3) To effectuate this Pre-Filing Order, the Clerk of the Court: shall no longer file any case-initiating pleading of any type submitted by Plaintiff without first obtaining written authorization of a District Judge or Magistrate Judge of this Court; and shall present any case-initiating pleading of any type proffered by Plaintiff first to a District Judge or Magistrate Judge for screening review prior to filing and a determination of whether such pleading falls within, or outside of, the scope of the Pre-Filing Order.

(4) Plaintiff is ordered to submit a copy of this Pre-Filing Order with any case-initiating pleading he proffers to this Court.

**IT IS SO ORDERED.**

DATE: May 17, 2018

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE