FILED
CENTRAL DISTRICT COURT
2/14/23
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ eq ___ DEPUTY

LODGED

2022 SEP -6  PM 2: 11

IVAN RENE MOORE,
1236 SOUTH REDONDO BLVD
LOS ANGELES, CA 90019

PLAINTIFF IN PRO SE

(323) 932-9439

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

|  |  |
|---|---|
| IVAN RENE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., et.al. <br><br> Defendants. | ) Case No.: 2:17-cv-04828-ODW(GJS) <br> ) <br> ) <br> ) **IVAN RENE MOORE'S MOTION** <br> ) **TO VACATE VEXATIOUS** <br> ) **LITIGANT DESIGNATION AND** <br> ) **PRE-FILING ORDER INJUNCTION** <br> ) **BECAUSE THE SPECIFIC VICE** <br> ) **ENCOUNTERED WHEN THE** <br> ) **ORDER WAS ENTERED NO** <br> ) **LONGER EXIST THEREFORE,** <br> ) **MOOT; AND THERE IS NO "CASES** <br> ) **AND CONTROVERSIES"** <br> ) **CONCERNING WELLS FARGO'S** <br> ) **RIGHT TO LEVY AND SELL** <br> ) **PERSONAL PROPERTY** <br> ) <br> ) **Date: OCTOBER 17TH, 2022** <br> ) **Time: 1:30** <br> ) **Ctrm: 5-D FIFTH FLOOR** <br> ) <br> ) **350 West First Street** <br> ) **Los Angeles, California 90012** |

ORIGINAL

001

**TO JUDGE OTIS D. WRIGHT II AND TO ALL PARTIES AND THEIR ATTORNEYS: PLEASE TAKE NOTICE THAT:** on October 17th 2022 at 1:30 p.m., or thereafter as the matter may be heard, in Courtroom 5-D on the fifth floor of the above-referenced Court located at: 350 West First Street Los Angeles California 90012. Plaintiff/ Judgement Creditor, Ivan Rene Moore, will and does hereby move this Court, pursuant to *Federal Rule of Court.*

**COMES NOW**, Ivan Rene Moore, ("Mr. Moore"), the Plaintiff/ Judgment creditor, hereby, submits this his motion, respectfully requesting that this court vacate the vexatious litigant designation and pre-filing order injunction entered in this Court on May 17, 2018, against Mr. Moore, because the specific vice encountered when the order was entered no longer exist, therefore moot because Mr. Moore's indebtedness to Wells Fargo Bank was completely and lawfully discharged on June 5th 2020 in a bankruptcy proceeding and in support thereof, show onto the court as follows:

I.     **Introduction**

On the November 8, 2013, after a two-week jury trial, the California Superior Court Judge Hon. Judge Michelle Rosenblatt adopted the jury recommendation and awarded Mr. Moore $3.15 Million dollars arising from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injury to the person of Mr. Moore and property.

Hon. Judge Michelle Rosenblatt further adjudged and Ordered Kimberly Martin-Bragg to return Mr. Moore's legal personal documents and other personal properties to Mr. Moore. (*Please See* **Exhibit A,** a true and correct copy of Hon. Judge Michelle Rosenblatt Order and judgment.)[1]

On May 23, 2016, the State Court entered a final Judgment incorporating and superseding the Interlocutory Judgment. Thereafter, the California Second District Court of Appeal in Appeal case #:B276366, Bragg filed an appeal to vacate the Jury award and the Judgement. The California Second District Court of Appeal on September 8th 2017 denied the debtor's Bragg's request and affirmed Judge Hon. Judge Michelle Rosenblatt's Order and judgment of November 8, 2013.

Subsequently, on March 21, 2018 this Court issued an order *inter alia*, in Case No.: 2:17-cv-04828-ODW(GJS), stating that "all state law claims are dismissed without prejudice." **(please see, Dkt-27 at. Line 14., in the above referenced case #.).** Mr. Moore's state law claims encompass relief that was adjudicated in Hon. Judge Michelle Rosenblatt Order and judgment of November 8, 2013. **(please see, Exhibit A.)[2].**

//

//

---

[1] A valid State Court Order. The Order was based on adequate and independent state grounds to which Tenth Amendment prohibits Federal court from enjoining its enforcement.
[2] A true and correct copy of State Court Order and Judgment.

003

As this court is aware, the words **without prejudice** means that Mr. Moore was and is entitled refile and/or is allowed by law to pursue his state law claims, or enforce the State Court judgement and Order of California Superior Court Judge, Hon. Judge Michelle Rosenblatt and affirmed by the State Court Second District Court of Appeals.  It is also worth noting that the Judgment of Hon. Judge Michelle Rosenblatt has Tenth Amendment Implication as well as Full Faith and Credit under Article IV of the United States Constitution.

While Article IV, Section 1 of the United States Constitution Full Faith and Credit Clause requires that states within the United States have to respect the "public acts, records, and judicial proceedings of every other state" , the obligation to give full faith and credit to State court Judgment is also applicable to federal courts.  Please see, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (stating that federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738).

On May 17, 2018, this court entered an Order finding Mr. Moore as vexatious litigant and imposed a pre-filing Order for any case-initiating pleading that sought to challenge Wells Fargo Rights to levy and sell personal property of Mr. Moore. **(Dkt.-15 at, pp 5-6.).**

//

//

Since this court's pre-filing Order of May 17, 2018, Wells Fargo Bank had levied and sold personal properties of third parties not related to the litigation. And based on a false declaration from the debtor Bragg the purported property of the judgement debtors. The debt previously owed to Wachovia Bank/Wells Fargo Bank; and the remaining consumer transaction debts that were due and owing to Wachovia Bank/Wells Fargo Bank were lawfully discharged in the Moore bankruptcy in Bankruptcy **Case # 1:17-bk-12071-MB:(Mr. Moore's Bankruptcy Dkt# 340,339).**

The Ninth Circuit outlined four requirements before a District court may enter a pre-filing order: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) ***the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."*** *Please see, De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The specific vice encountered that formed the basis of this court's pre-filing order on May 17, 2018, **(Dkt.-15 at, pp 5-6.),** no longer exist by way of Bankruptcy Discharge of the indebtedness to Wachovia Bank/Wells Fargo Bank, therefore **MOOT.**

//

//

There is no possibility of the capability of repetition pursuant to the Bankruptcy Court's obliteration or discharge of the debt to which Wells Fargo is forever bar from pursing pursuant to the **11 U.S.C. § 524(a)** discharge injunction of the Bankruptcy Court.

Because there is no longer case, or controversy pertaining Wells Fargo Bank $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Mr. Moore and the other judgment Debtors.   Pursuant to the **Mootness Doctrine**, the pre-filing injunction is futile since there is no longer case of controversy and because the bankruptcy Court has discharged the consumer debt owed to Wells Fargo Bank and because the *specific vice encountered* which formed the basis of the vexatious litigant and the pre-filing order **is now extinct by operation of law**.

### *Misinterpretation by other courts*

The inconsistencies and overbreadth of the vexatious litigant order and diverge interpretations by other courts is yet, additional reason why the vexatious litigant order and the accompanied pre-filing other must be vacated forthwith.

The United States Bankruptcy court judges, Judge Barash and Judge Barry Russell correctly interpreted this court order of May 17, 2018, (Dkt.15), to be pertaining to Wells Fargo Bank and as the specific vice encountered when this court entered the vexatious litigant and pre-filing Order.

Conversely, federal district court judges: #:**(1)2:22-cv-04454-PA., (2).,2:22-cv-03451-DMG** have incorrectly  interpreted this court's pre-filing injunction to Apply to the Adverse judgement Appeal from the error of Bankruptcy Court in ruling on the matter concerning Kimberly Martin-Bragg aka Kimberly Barbour's Bankruptcy Fraud  occasioned by the Debtor's concealment of assets valued in the millions of dollars, false bankruptcy schedule and petition, willful and knowing misrepresentation in the bankruptcy schedule and dismissed Mr. Moore's in Appeal Case #:**(1)2:22-cv-04454-PA., (2).,2:22-cv-03451-DMG**  therefore unduly denying Mr. Moore of his fundamental rights to access the court to Appeal adverse ruling of the Bankruptcy Court when were rendered against Mr. Moore.

This Court, other federal courts and the United States Bankruptcy Court lacks the Constitutional authority or subject matter jurisdiction to enjoin the enforcement of the State Court Judgment and Order of **Hon. Michelle Rosenblatt <u>in LASC #: BC480013,</u>** which was affirmed by the California Court of Appeals as demonstrated [infra]:

***The Rooker-Feldman doctrine***

The Rooker-Feldman doctrine states "federal courts lack subject-matter jurisdiction to review final state court judgments." *Young v. Rogers* (In re Young), 2018 WL 4616228, at *2 (Bankr. W.D. Okla. Sept. 24, 2018) (citing Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006)).

006

"Stated another way, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Farris v. Burton, 686 F. App'x 590, 591-92 (10th Cir. 2017) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

### *The Full Faith and Credit Statute*

The Court held in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (stating that federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738.  Further, The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the preclusion law of the state in which a judgment is rendered. Cobb v. Lewis (In re Lewis), 271 B.R. 877, 883 (10th Cir. BAP 2002) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)).  In the instant case, issue preclusion establishes a willful and malicious injury only if Defendant's willfulness and maliciousness – as defined by 523(a)(6) – were actually litigated and necessarily decided in the State Court **in a two-week jury trial**. This court injunction has unduly and unconstitutionally deprived Mr. Moore access to Court to defend adverse ruling of the Bankruptcy Court Judge Barry Russell.

Mr. Moore respectfully request that this court vacate the order of vexatious litigant and the accompanied pre-filing Order to prevent furth irreparable harm to Mr. Moore.

## II.    Background

Mr. Moore provide the following background In Support of Motion to Vacate Vexatious designation and the pre-filing Order injunction in this Court and show as follows:

Following a two-week jury trial in the California Superior Court for damages for Trespass to Chattel, Conversion and violation of California Civil Code section 1965 by Kimberly Martin-Bragg aka Kimberly Barbour, ("Debtor"), the jury unanimously returned *Special Jury Verdicts* and found that Defendant, Kimberly Martin-Bragg intentionally caused injury to Plaintiff, Ivan Rene Moore and to various personal property to wit the jury returned a verdict of **$2.5 Million dollars** for Conversion, **$2.5 Million dollars** for Trespass to Chattel and **$600,000.00** for Lost Income, **(Please see Exhibit B)**.

Additionally, for trespass to chattel, of Mr. Moore's personal property, the jury unanimously returned *Special Verdicts* finding that Defendant, Kimberly Martin-Bragg intentionally caused injury to Plaintiff, Ivan Rene Moore and to various personal property to wit the jury returned a verdict of **$2.5 Million dollars** for Conversion, **$2.5 Million dollars** for Trespass to Chattel and **$600,000.00** for Lost Income, totaling $5.6 Million.  **(Please see Exhibit C)**.

*None of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018*

Subsequently, on November 8, 2013, Honorable Judge Michelle Rosenblatt reduced the jury award of $5.6 Million to $3.15 Million Dollars and Ordered Kimberly Martin-Bragg to return Mr. Moore's legal document, other documents, as well as other personal properties that were in possession and control of Kimberly Martin-Bragg aka Kimberly Barbour. (**See, Exhibit A).**    To date, the debtor has not returned any of the personal properties including Moore's legal and personal documents that were ordered returned by Honorable Judge Michelle Rosenblatt of the California Superior Court in Los Angeles.

In concerted effort to discharge the state court judgment for $3.15 Million and the personal property of Mr. Moore and others, personal property that were subject to bailment agreement, and those that were on loan to Mr. Moore by other third parties, which arose from the Debtor's intentional and malicious tort to person and property, the Debtor and her Attorney filed Bankruptcy as demonstrated [infra]:

*The first Bad Faith Bankruptcy filed by the Debtor Bragg*

The First Bad Faith Bankruptcy filed for the purpose of discharging the state court judgment from the Debtor's intentional and malicious injuries to Mr. Moore and property was file on **March 25, 2014,** in Bankruptcy case #**: 2:14-bk-15698.**

009

In that action, the Bankruptcy Judge Hon. Ernest Roble dismissed the action for cause and declined to discharge the State Court Judgment in **LASC #BC480013** which arose from the Debtor's intentional and malicious injury to Mr. Moore and property.   In that case, *Ibid*, the Bankruptcy Judge Hon. Judge Ernest Roble stated that:

> The court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court…**(Exhibit D,  at. p.2., ¶ 2.).**

Consequently, Bankruptcy Judge Hon. Ernest Roble dismissed the debtor's Bankruptcy action for cause case **#: 2:14-bk-15698.**

### *The Second Bankruptcy filed by Bragg*

On or about 09/28/2016, Kimberly Martin-Bragg aka Kimberly Barbour the commenced the second Bankruptcy in the United States Bankruptcy Court Case Docket Central District of California (Los Angeles), Bankruptcy Petition #: 2:16-bk-22878-BR.  **(Bnkr. Dkt. 1).**

For reason unknown to Mr. Moore, Kimberly Martin-Bragg aka Kimberly Barbour's second Bankruptcy Case was assigned to Judge Barry Russel instead of Hon. Judge Ernest Robles who previously adjudicated the same matter over the Debtor's initial bankruptcy petition. *Ibid*.

//

//

Just as the First Bankruptcy, Kimberly Martin-Bragg aka Kimberly Barbour's second Bankruptcy *Ibid*, was commenced for unlawful purpose and with the specific intent to discharge the $3.15 million arising from the Debtor's intentional and malicious injury to Mr. Moore and property which is prohibited from discharge pursuant to 11 U.S.C. § 523(a)(6).   Mr. Moore is entitled by law to challenge the adverse ruling of Judge Barry Russell who unlawfully discharge Mr. Moore's $3.15 million State Court judgment.   ***None of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018***

***Order of discharge under 11 U.S.C. § 727***

On 01/09/2017, the Bankruptcy Court entered an Order of Discharge under section 727. **(Bnkr. Dkt. 50.).**   Moore contends that, while the United States Bankruptcy Code permits a court to discharge debts of an individual debtor in Chapter 7 bankruptcy pursuant to Section 727 Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367 (2007), 11 U.S.C § 727(b) prohibits a discharged under 11 U.S.C § 523 because *inter alia*, Judgment obtained due intentional and malicious tort as here cannot be discharged in the Bankruptcy court. Discharge pursuant to 11 U.S.C § 727(b) does not discharge individual debtor from certain types of debt enumerated in 11 U.S.C § 523(a).

*11 U.S.C § 523 Exception to Discharge*

11 U.S.C § 523(a) provides that in pertinent part that:

**Discharge under 11 U.S.C § 727 does not discharge an individual Debtor debt "for willful and malicious injury by the debtor to another entity or to the property of another entity. ( see, 11 U.S.C § 523(a)(6).).**

*Unconscionable plan and scheme*

After the filing of this Bankruptcy, the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour orchestrated a plan and scheme by requesting that Mr. Moore produce documents that the Debtor and her Attorneys knew were in the exclusive possession and control of the Debtor.

The documents requested by way of discovery were the same documents that the California Superior Court Judge Hon. Hon. Judge Michelle Rosenblatt Ordered be returned to Mr. Moore in the State's court order of November 8, 2013. **(See, Exhibit A).** *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018.* In his Responses to the Discovery Request, Mr. Moore responded and asserted that the Documents requested were in exclusive possession of the Debtor because the requested documents were documents that were in the wrongful possession of the Debtor Bragg that Hon. Judge Michelle Rosenblatt ordered the debtor Bragg to return to Mr. Moore on 11/8/2013, in which Bragg willfully failed to obey the court's order.

-13-

012

*(Please see,* **Exhibit E.)**[3]  *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018*

Particularly, Mr. Moore filed his opposition to the Debtor's Motion to Compel production of documents in which Mr. Moore responded and further informed the Bankruptcy Court, Judge Barry Russell that the documents requested which forms the basis of the Motion to Compel, were in exclusive possession and control of the Debtor in violation of Hon. Judge Michelle Rosenblatt of the California  Superior Court's Order which Ordered that the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour to return the legal documents to Mr. Moore.  **(please see, Exhibit E ., Dkt. 44 at. pp 4-7., Responses. 1- 27, to Opposition to motion to compel.); see,   Exhibit E., Dkt. 44 at. pp.12-32, Responses 1-30., Mr. Moore's First Responses to the Debtor's First Request for  production of document).**   *Again, none* *of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018.*

---

[3] Mr. Moore's Responses to the request of production that the Debtor, her Attorneys, and Judge Barry Russell knew were in exclusive possession and control because the Debtor had not complied with the Court Order which mandate that the Debtor returned the requested property to Mr. Moore.

613

Judge Barry Russell was well aware of the Hon. Judge Michelle Rosenblatt of the California Superior Court's Order.  Judge Barry Russell was also aware that the Debtor and her Attorneys had not complied with Judge Rosenblatt's Order and that the documents sought by way of discovery and motion to compel and for sanction was in exclusive possession and control of the Debtor Bragg and the Debtor Bragg had not complied with the California Superior Court's Order. **(Exhibit A).**   *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018* .

Notwithstanding these irrefutable facts,  *Ibid*, Judge Barry Russell imposed sanction on Mr. Moore and dismissed Mr. Moore's Adversary proceeding complaint for not producing documents that Judge Barry Russell knew was not in Mr. Moore's possession.   **(Exhibit-F,** a true and correct copy of the dismissal of Mr. Moore's Adversary proceeding Complaint on 11/17/2017 )[4].   *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018*

---

[4] Judge Barry Russell ruled that if Mr. Moore fails to fully comply with the order compelling Mr. Moore to produce documents that forms the basis of the terminating sanction, to which Judge Barry Russell knew fully well was not on possession of Mr. Moore.   Judge Russell was well aware that the Debtor had not complied with the State court Order which mandated the debtor return the request document to Mr. Moore.

Mr. Moore contends that the dismissal of his adversary proceeding complaint under these facts and circumstances was a deliberate and intentional abuse of process, fraud upon the court, and grave miscarriage of justice which requires Appeal of its adverse ruling to which, this court's unfettered pre-filing order has unduly impeded.

### *LOS ANGELES SHERIFF'S RAID ON THE DEBTOR'S RESIDENCE*

On May 20, 2021, pursuant to Code Civil Procedure, section 514.030, good cause appearing, the California Superior Court for Los Angeles County issued a Civil Writ commanding the Sherriff or any Marshall of the County of Los Angeles to levy upon personal properties that were the subject of Hon. Michelle Rosenblatt. **(Exhibit G).**

The Order contained in the Civil Writ specifically commanded the Sherriff or any Marshall in Los Angeles County to enter 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 and take possession of the described property or some part of it. **(Exhibit G).** *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018*

Based on the Debtor's Bragg's refusal over (8 to 10) times to open the door the for the Los Angeles Sheriff's Department, the Writ also provides that the Sheriff or Marshall of the County of Los Angeles shall use reasonable forcible entry into the

015

private place listed as: 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 for the purpose of levying on the personal property subject to the Writ of Possession. **(Exhibit G)**. *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018.*

On July 7, 2021, the Sheriff of the County of Los Angeles executed the Writ **(Exhibit G)** and discovered many personal properties and legal and personal documents and other documents of Mr. Moore that were the subject of Discovery Requests which formed the basis of Judge Barry Russell's dismissal of Mr. Moore's Adversary Proceeding Complaint.   The requested legal documents and other documents requested by way of Discovery were found concealed in the garage and inside the Debtor's residence at 6150 Shenandoah Avenue. *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 nor does the vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 prevent Mr. Moore of his right to his legal documents and his right to enforce the State Court $3.15 Million judgment and Order of Hon. Judge Michelle Rosenblatt.*

//

616

Additionally, the Sheriffs' raid of the Debtor's residence also uncovered personal properties that were subject to bailment agreements between Mr. Moore and others, and certain personal properties that were on loan to Mr. Moore by various third parties concealed in the garage and inside the residence of the Debtor at 6150 Shenandoah Avenue, Los Angeles California 90056.

Please see, **Exhibit- G, Exhibit-- H, Exhibit--I, and Exhibit-- J**, *true and correct copies picture of Sheriff's Raid on July 7, 2021).   Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 nor does the vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 prevent Mr. Moore of his right to his legal documents and his right to enforce the State Court $3.15 Million judgment and Order of Hon. Judge Michelle Rosenblatt.*

On July 7th, 2021, the pursuant to the Sheriff of the County of Los Angeles raid, the legal documents and other personal documents which were requested by way of Discovery were uncovered in the residence of Kimberly Martin Bragg aka Kimberly Barbour.

These legal and personal documents and other documents Ibid, were the very same documents Hon. Michelle Rosenblatt Ordered returned to Mr. Moore in Case Number:  BC480013. **(Exhibit A. at.P.5., ¶ 4.).**

011

Judge Barry Russell knew that the legal and personal documents and other documents requested by way of Discovery were in exclusive possession of Kimberly Martin-Bragg aka Kimberly Barbour, yet Judge Russell imposed Discovery sanction on Mr. Moore and dismissed Mr. Moore Adversary Proceeding complaint.

*Reopening of Bankruptcy Case*

On or about 01/20/2022, the Debtor filed a Motion to Reopen Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524 (Ch 7) - (see, **Bankr. Dkt. 211.).**   The Debtor's motion to Reopen her Bankruptcy Case was premised on Mr. Moore's Attempt to enforce his State Court Judgment of $3.15 which arose from the Debtor's intentional and malicious injuries to the person or Mr. Moore and property.

***Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018.***

Mr. Moore was unaware that Judge Barry Russell had discharged the $3.15 Million which is prohibited by 11 U.S.C. § 523(a)(6).   Forthrightly, Mr. Moore was unaware that the Bankruptcy Judge, Judge Barry Russell can circumvent the will of Congress of the United States and usurp the authority of the State Court of the State of California, particularly when Hon. Ernest Robles had declined to discharge the $3.15 Million due to the prohibition in 11 U.S.C. § 523(a)(6), and when another

018

Bankruptcy Judge, Hon. Ernest Robles had declined   to usurp the authority of the State Court under similarly circumstances, in the Debtor's previous **Bankruptcy in Bankruptcy case no.: 2:14-bk-15698.**

Furthermore, on December 21, 2021, the Supervising Judge for the California Superior Court, for the County of Los Angeles, **Honorable Judge J. Cowan, found that:**

> The Bankruptcy court "dismiss[ed] the adversary proceeding with prejudice due to [Moore's] failure to pay the sanctions" of $13,000 due under sanctions order, without addressing Moore's arguments under Section 523. (Exhibit L. at. p.4.).

Moreover, an Objective view of the Supervising Judge of the California Superior Court, Honorable **Judge Honorable Judge David J. Cowen** of Department 1, (One) of the California Superior Court in Los Angeles reasoned that:  There is no evidence that any judge has yet addressed whether the Final Judgment falls under Section 523(a)(6). (**Exhibit L at. p.4.**).

Mr. Moore was not aware that the Bankruptcy Judge, Judge Barry Russell discharged his **$3.15 Million Dollars** arising from debtor's debt "for willful and malicious injury to his person and property because Section 523(a)(6). The law prohibits such discharge and because the United States Congress did not expressly authorize Bankruptcy Judge to usurp a lawful authority of the State Court. Or to act as an appellate judge to the State court Judge when the State Court Judge instructed the State Jury by Special Verdict to wit, the jury made findings of fact and the

California Superior Court. Judge Hon. Michelle Rosenblatt applied the law of the State of California based on the claims that were adjudicated on Independent and Adequate State grounds.

Moreover, case law provides that discharge for intentional and malicious injuries as provided under 11 U.S.C § 523(a)(6) is self-effectuating, "mean[ing] that no action is necessary by the creditor or the court for them to be excepted from discharge." *Please see, In re Mitchell*, 418 B.R. 282, 286 (BAP 8th Cir. 2009); and nothing more for the Bankruptcy court to do but to give **Full Faith and Credit pursuant to Article IV, Section 1 of The Full Faith and Credit Clause,** which requires that all states' decisions, public records, and rulings be honored in all the other United States Courts.

On 02/07/2022, Judge Barry Russell granted the Debtor's motion to Reopen her Bankruptcy Case for Violation of Discharge Injunction under 11 U.S.C. Sec. 524. (see, **Bankr. Dkt. 224.).**  *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 nor does the vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 prevent Mr. Moore of his right to his legal documents and his right to enforce the State Court $3.15 Million judgment and Order of Hon. Judge Michelle Rosenblatt.*

On April 26, 2022, Judge Barry Russell made a finding of facts and conclusion of Law for the First Time concerning the Discharge of Mr. Moore's **$3.15 Million Dollars** arising from debtor's debt "for willful and malicious injury to his person and property because Section 523(a)(6). (*please see,* **Exhibit M**.).

On 06/07/2022, Judgment Creditor, Ivan Rene Moore ("Mr. Moore") filed a motion for clarification whether this bankruptcy court also discharged the debtor's obligation to return Mr. Moore's legal document, other document, and personal property that were the subject of the conversion and trespass to Chattel that were ordered to be returned to Mr. Moore by California Superior Court Judge Hon. Judge Michelle Rosenblatt Motion. *Again, none of the above facts pertains to Wells Fargo Bank or the specific vice encountered when the court entered vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 nor does the vexatious litigant designation and pre-filing order injunction against Mr. Moore on May 17, 2018 prevent Mr. Moore of his right to his legal documents and his right to enforce the State Court $3.15 Million judgment and Order of Hon. Judge Michelle Rosenblatt.*

On 6/14/2022, the Bankruptcy Court, Judge Barry Russell issued an Order Denying Mr. Moore's Motion for clarification whether this bankruptcy court also discharged the debtor's obligation to return personal property which includes Mr. Moore's Legal Documents and other documents that were the subject of the

conversion and trespass to chattel that were ordered to be returned to Mr. Moore by California Superior Court Judge Hon. Judge Michelle Rosenblatt in LASC Case No. BC 480013. (Related Doc # 288 ).  **(See, Bankr. Dkt. 292.).**

Mr. Moore contends that the Bankruptcy's refusal to clarify whether it also discharged the Stolen personal property and legal and personal documents that were also the subject of the State Court Order, after the Bankruptcy Court Judge Barry Russell made a finding of facts and conclusion of Law for the First Time concerning the Discharge of Mr. Moore's state Court Judgement for the time on April 26, 2022, while other matters concerning the Debtor's Bankruptcy was still pending before the Bankruptcy is clear error, abused of discretion, and miscarriage of justice demanding reversal of the bankruptcy Court's order of 6/14/2022.

However, because of this Court's Order of vexatious litigant designation and pre-filing order injunction entered in this Court on May 17, 2018, against Mr. Moore, the various Judges in the cases 2:22-cv-04454-PA and 2:22-CV-03451 of the United States District Court dismissed Mr. Moore's Appeal even though the specific vice encountered when the order was entered no longer exist, therefore moot.

**III.    Argument**

**A. The Court Should Vacate The Vexatious Litigant Designation and Pre-Filing Order Injunction because the Specific Vice Encountered when the Order was Entered No Longer Exist Therefore,  Moot; and because there is no "cases and controversies" concerning Wells Fargo's Right To Levy and Sell Personal Property**

A District Court is empowered to enjoin litigants who have abusive histories of litigation or who file frivolous lawsuits from continuing to do so. See 28 U.S.C. § 1651(a). Section 1651 states that "[t]he Supreme Court and all courts established by Act of Congress may issue writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007). More specifically, the All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such pre-filing orders "are an extreme remedy that should rarely be used," as they can "tread on a litigant's due process right of access to the courts." Molski, 500 F.3d at 1057. Accordingly, the Ninth Circuit has outlined four requirements before a district court may enter a pre-filing order: (1) the litigant must be given notice and a chance to be heard before the order is entered; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

(citing De Long, 912 F.2d at 1147–48). The Ninth Circuit has characterized the first two requirements as procedural considerations and the latter two as substantive considerations. Id.

### The vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered

On May 17, 2018, this court entered an Order finding Mr. Moore as vexatious litigant and imposed a pre-filing Order for any case-initiating pleading that sought to challenge Wells Fargo Rights to levy and sell personal property of Mr. Moore. **(Dkt.-15 at, pp 5-6.).** Since this court's pre-filing Order of May 17, 2018, Wells Fargo Bank had levied and sold personal properties of Mr. Moore and personal properties of the remaining judgment debtors.

The proceeds from the sale of the third parties' personal properties and some of the debtors personal property that Wells Fargo sold were applied to the debt owed to Wells Fargo Bank; and the remaining consumer transaction debts that were purportedly due and owing to Wells Fargo Bank were discharged in Mr. Moore's bankruptcy in Bankruptcy **Case # 1:17-bk-12071--MB (Mr. Moore's Bankruptcy).**

The specific vice encountered that formed the basis of this court's pre-filing order on May 17, 2018, **(Dkt.-15 at, pp 5-6.),** no longer exist by way of Bankruptcy Discharge of the indebtedness to Wells Fargo Bank, therefore **MOOT.**

//

//

024

There is no possibility of the capability of repetition pursuant to the Bankruptcy Court's obliteration or discharge of the debt to which Wells Fargo is forever bar from pursing pursuant to the **11 U.S.C. § 524(a)** discharge injunction of the Bankruptcy Court.

Because there is no longer case, or controversy pertaining Wells Fargo Bank $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Mr. Moore and the other judgment Debtors.   Pursuant to the **Mootness Doctrine**, the pre-filing injunction is futile since there is no longer case of controversy and because the bankruptcy Court has discharged the consumer debt owed to Wells Fargo Bank and because the *specific vice encountered* which formed the basis of the vexatious litigant and the pre-filing order **is now extinct by operation of law**.

*Mootness Doctrine*

The Case or Controversy Clause of the U.S. Constitution provides the origin of the mootness doctrine, which requires that the parties to a federal case must be involved in a justiciable controversy, or one that involves an actual dispute or controversy. ***Mootness*** arises when there is no longer an actual controversy between the parties to a court case, and any ruling by the court would have no actual, practical impact. If it is determined that all issues in a case being heard in a U.S. federal court have become moot, then the court must dismiss the case.

-26-

Accordingly, because there is no longer there is no longer an actual controversy between Mr. Moore and Wells Fargo Bank and its right to levy and sell personal property of Mr. Moore, to this court case, the ***specific vice encountered*** which formed the basis of the vexatious litigant and the pre-filing order is now extinct by operation of law and this court's vexatious litigant designation of May 17, 2018 **(Dkt. 15.)** must be vacated in its entirety in the interest of justice and to avoid irreparable harm to Mr. Moore.

### The United States Constitution

The United States Constitution authorizes the federal system in Article III, which provides that federal court shall have judicial power over "cases and controversies". Congress created certain other courts such as the Bankruptcy Court.

Whether the bankrupt court or such other federal court will hear a case, i.e. whether a case is justiciable depends on whether there is "cases and controversies". The United States Supreme Court's  interpretation of "cases and controversies" bars the rendition of "advisory opinion".  The federal court will not render decisions in moot cases or cases that are not ripe for adjudication.  To avoid issuing advisory opinion, a competent federal court  require that a dispute has matured sufficiently to warrant a decision.  *Please see, Pacific Gas and Electric Co. v. State Energy Resources Conservation and Development Commission*, 461 U.S. 190 (1983); *American Trucking  Associations, Inc v. Los Angeles*, 569 U.S. 641 (2013).

026

In the instant case, there is no "cases and controversies" concerning Wells Fargo Rights to levy and sell personal property of Mr. Moore.   Further, there is no "cases and controversies" pertaining to this court's vexatious litigant designation or and the pre-filing Order of   May 17, 2018.   **(Dkt.15 at. pp. 5-6.).**   Mr. Moore is not challenging in any way, directly or indirectly, Wells Fargo Rights to levy and sell personal property of Mr. Moore. **(Dkt.15 at. p. 5.).**

Accordingly, the court must vacate this court's vexatious litigant designation and the pre-filing Order of May 17, 2018 **(Dkt.15 at. pp. 5-6.)** because there is no "cases and controversies" concerning Wells Fargo's Right to levy and sell personal property of Mr. Moore and other judgment debtors.

### *The Rooker-Feldman doctrine*

Under the Rooker-Feldman doctrine, jurisdiction to review final state court judgments rests with the United States Supreme Court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th Cir. 2003). District courts do not have jurisdiction "over challenges to state court decisions." <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 486(1983); <u>see also</u> 28 U.S.C. § 1257.

When a non-prevailing plaintiff in state court seeks to set aside the judgment of the state court in a federal district court, "the federal suit is a forbidden de facto appeal." <u>Noel</u> 341 F.3d at 1156; <u>see also Carmona v. Carmona</u>, 603 F.3d 1041, 1050

△ 27

(9th Cir. 2008) (holding that Rooker-Feldman bars suits by state-court losers "complaining of injuries caused by state-court judgments"). "To reverse or modify the judgment of the state court because of such errors 'would be an exercise of appellate jurisdiction' possessed only by the Supreme Court." Noel, 341 F.3d at 1156 (quoting Rooker, 263 U.S. at 416).   Simply put, The Rooker-Feldman doctrine states that "federal courts lack subject-matter jurisdiction to review final state court judgments." Young v. Rogers (In re Young), 2018 WL 4616228, at *2 (Bankr. W.D. Okla. Sept. 24, 2018) (citing Bear v. Patton, 451 F.3d 639, 641 (10th Cir. 2006)). "Stated another way, the Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Farris v. Burton, 686 F. App'x 590, 591-92 (10th Cir. 2017) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, on the November 8, 2013 after over  two-week jury trial, the California Superior Court Judge Hon. Judge Michelle Rosenblatt adopted the jury recommendation and awarded Mr. Moore $3.15 Million dollars arising from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injury to the person of Mr. Moore and his and others property.

Hon. Judge Michelle Rosenblatt further adjudged and Ordered Kimberly Martin-Bragg to return Mr. Moore's legal and personal documents and other personal properties to Mr. Moore.  (*Please see* **Exhibit A.**).

Neither this court, nor the Bankruptcy court has subject matter jurisdiction to enjoin, or review final state court judgments which arose from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injuries to Mr. Moore and property; see also 11 U.S.C. § 523 (a)(6) for enlightenment.  Furthermore, see where case law provides that the debtor's debt arising from intentional and malicious injury to entity and property under 11 U.S.C § 523(a)(6) is self-effectuating, "mean[ing] that no action is necessary by the creditor or the court for them to be excepted from discharge."

*Please see, In re Mitchell*, 418 B.R. 282, 286 (BAP 8th Cir. 2009).   Which means that there is nothing more to do but give full faith and credit.

### The Full Faith and Credit Statute

The United States Supreme Court held that federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738.   See, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). (stating that federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738). Further, The Full Faith and Credit Statute, 28 U.S.C. § 1738, directs federal courts to look to the preclusion law of the state in which a judgment is rendered. Cobb v. Lewis

(In re Lewis), 271 B.R. 877, 883 (10th Cir. BAP 2002) (citing Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S. 373, 380 (1985)).

In the instant case, issue preclusion establishes a willful and malicious injury only if Defendant's willfulness and maliciousness – as defined by 523(a)(6) – were actually litigated and necessarily decided in the State Court **in a two-week jury trial**.

### *Denial of Access to Court*

[T]he right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*,143 F.3d 1219, 1222 (9th Cir. 1998).   Here, this court's injunction of May 17, 2018, (Dkt. 15 at. pp 5-6.), which now Moot, has unduly and unconstitutionally deprive Mr. Moore access to Court to defend averse ruling of the Bankruptcy Court Judge Barry Russell.

As such,  Mr. Moore respectfully request that this court vacate the order of vexatious litigant and the accompanied  pre-filing Order to prevent furth irreparable harm to Mr. Moore.

### *Violation of Tenth Amendment*

The Tenth Amendment provides that the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.   In *Bond v. United States*, the United States Supreme Court held that individuals, just like states, may have standing to raise Tenth Amendment challenges to a federal law.

030

See, ***Bond v. United States***, 564 U.S. 211 (2011).   Here, to the extent that this court's decision of May 17, 2018, (Dkt.15) seeks to enjoin the enforcement of State Court Order **(Exhibit A)** which arose from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injury, such federal injunction violates the Tenth Amendment to the United States Constitution as delineated [infra]:

On March 21, 2018, this Court issued an order *inter alia*, in Case No.: 2:17-cv-04828-ODW(GJS), stating that "all state law claims are dismissed without prejudice." **(please see, Dkt-27 at. Line 14., in the above referenced case #.).**   Mr. Moore's state law claims encompass relief that was adjudicated in Hon. Judge Michelle Rosenblatt Order and judgment of November 8, 2013.   **(Please see, Exhibit A)**.

However, this court's injunction which is now Moot seeks to enjoin the right of Mr. Moore to enforce the State Court Judgment and Order of Hon. Michelle Rosenblatt in LASC case #: BC480013 and the  State Court decision and the State's Appellate court decision in **Appeal case #:B276366** all of which were premised on adequate and independent state grounds as it seeks to enjoin or undermine the Sovereignty of the State Court of California on matter arising from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injury to Mr. Moore and property. Accordingly, to the extent that this court injunction of May 17, 2018, **(Dkt. 15, pp. 5-6)**, is intended to frustrate the State Court Order and Judgment and Mr. Moore's rights to its enforcement, it is impermissible overreach of

-32-

federal jurisdiction as such unlawful and prohibited under the Tenth Amendment to the United States Constitution.

**'*Bragg attempted to use Judge Otis Wrights order to stop the Bankruptcy Adversary Proceedings***

At a hearing regarding one of the adversary complaints against Bragg. Bragg attempted to argue that Judges Otis Wrights order mandated his review before proceeding with the bankruptcy adversary action. Judge Russell disagreed with the baseless assertion of the Debtor Bragg.

Judge Russell stated that the order from Judge Wright relates to Wells Fargo, not the Debtor Bragg and the Debtor's Braggs request was summarily denied.

**IV.   Conclusion and Prayer**

For the foregoing reasons, Mr. Moore respectfully request that this Court vacate vexatious litigant designation and pre-filing order injunction because the specific vice encountered when the order was entered no longer exist therefore, moot; and because there is no "cases and controversies" concerning Wells Fargo's right to levy and sell personal property

Respectfully Submitted,

Dated: September 6th, 2022

Ivan Rene Moore,
Plaintiff/Judgment Creditor

032

## DECLARATION/AFFIDAVIT OF IVAN RENE MOORE

I, IVAN RENE MOORE, declare:

1. At all times herein mentioned I am an individual residing in the County of Los Angeles, California, and if called and sworn, I could and would competently testify to the following:

2. Based on the uncovered fraud and fraud upon the court committed by the debtor Bragg and others, not including Wells Fargo Bank.

3. I caused to be filed various adversary actions against this debtor Bragg in her bankruptcy case.

4. After filing the adversary complaints and after a sham prejudged hearing with Judge Russell, Judge Russell dismissed my adversary complaints.

5. Judge Russell disregarded that fact that the Los Angeles, Sheriff's department raided the debtor's Bragg resident and found the plaintiff's Moore and others personal property and legal and personal documents.

6. This personal property and legal and personal documents were ordered to be returned to me by Judge Rosenblatt, after the (2) week jury trial in Moore v Bragg BC480013.

7. The Debtor Bragg has failed to obey a lawful court order.

8. I thereafter filed bankruptcy appeals per the rules of Bankruptcy Court rules.

033

9.  The various District Courts issued OSC's claiming that I did not timely filed request for the transcripts for the related hearings.

10. I replied to the various Court's OSC and proved that I did in fact timely file the request for transcripts for the various appeals.

11. Thereafter the various District courts dismissed my appeals claiming that based on the vexatious order issued by this Court that my appeal had to be dismissed.

12. This issues in my various appeals have nothing to do with Wells Fargo Bank.

13. The issues in my bankruptcy appeal have to do with the filing of a false bankruptcy petition and schedules and fraud and fraud upon the court caused by the Debtor Bragg.

14. Also, any debt that was owed to Wells Fargo has been lawfully discharged in bankruptcy Court.

15. Therefore, there is no debt owed to Wells Fargo Bank which renders the vexatious order issued by this court Moot, with no force and effect.

16. This order issued by this court is causing me great personal and financial harm and denying me access to court.

//

17. Based on this requested motion and this Declaration/Affidavit this plaintiff/Appellant respectfully request this court to vacate its vexatious order against this Plaintiff/ Appellant Ivan Rene Moore that was issued on or about May 17th 2018.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Los Angeles, California on **September 6th, 2022**

Ivan Rene Moore

Plaintiff/Appellant

036

## PROOF OF SERCVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California.  I am over the age of eighteen (18) years and I am not a party to the within action. On September 6th 2022, I served the following document:

**IVAN RENE MOORE'S MOTION TO VACATE VEXATIOUS LITIGANT DESIGNATION AND PRE-FILING ORDER INJUNCTION BECAUSE THE SPECIFIC VICE ENCOUNTERED WHEN THE ORDER WAS ENTERED NO LONGER EXIST THEREFORE,  MOOT; AND THERE IS NO "CASES AND CONTROVERSIES" CONCERNING WELLS FARGO'S RIGHT TO LEVY AND SELL PERSONAL PROPERTY**

On the party listed below:
### SEE ATTACHED SERVICE LIST

[X ]  BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.


[  ]    BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[ X ]    STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[  ]    FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**DATED: September 6th , 2022,**

Respectfully submitted,

_____

Devra Allen

-37-

636

# CERTIFICATE OF MAILING

I hereby certified that on this 6th day of September 2022, I placed a true and correct copy of the foregoing:

**IVAN RENE MOORE'S MOTION TO VACATE VEXATIOUS LITIGANT DESIGNATION AND PRE-FILING ORDER INJUNCTION BECAUSE THE SPECIFIC VICE ENCOUNTERED WHEN THE ORDER WAS ENTERED NO LONGER EXIST THEREFORE, MOOT; AND THERE IS NO "CASES AND CONTROVERSIES" CONCERNING WELLS FARGO'S RIGHT TO LEVY AND SELL PERSONAL PROPERTY**

in the United States mail, postage prepaid, addressed to parties on the attached list:

Respectfully Submitted

Ivan Rene Moore

# SEE ATTACHED SERVICE LIST

1

## SERVICE LIST

2

3

**SNELL & WILMER**

4

**600 Anton Blvd. Suite 1400**

**Costa Mesa California 92626**

5

**Attn: Joshua Partington Esq.**

6

**Attorney For**

**Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo**

7

8

**Steven A. Schuman**

9

**Leonard Dicker and Schreiber LLP**

**10940 Wilshire Boulevard Suite 2100**

10

**Los Angeles, CA 90024-3936**

11

**Attorney for Kimberley Martin Bragg and others**

12

13

**Ronald Hills**

14

**1236 Redondo Blvd**

**Los Angeles, California 90019**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O38

# EXHIBIT

# A

038



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**NOV 08 2013**

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

| | |
|---|---|
| IVAN RENE MOORE, | ) Case No. BC480013 |
| | ) |
| Plaintiff, | ) Interlocutory |
| | ) Judgment |
| v. | ) |
| | ) |
| KIMBERLY MARTIN-BRAGG | ) |
| Defendant. | ) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

040

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

   (a) Clothing, shoes, kitchen equipment, and other personal property? YES

   (b) Piano:   YES

   (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

   (d) Recording Console SSLK? YES

   (e) Music, Sound and Recording Equipment?  YES

   (f) Musical Instruments? YES

   (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

   (h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

   a. For fair market value of the property:  $2.5 million ($2,500,000.00)

   b. For lost profits:              $650,000

   Total:                     $3,150,000

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a? YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned? Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced? $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano: YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment? YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters? YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm? YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

042

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property?  YES

4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore?  NO

4

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action.  The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit,  clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage.  KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property.  However, the judgment is enforceable.


Dated:  November 8, 2013                    MICHELLE R. ROSENBLATT
                                           _____
                                           Michelle R. Rosenblatt, Judge

*0 45*

# EXHIBIT

# B

40

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                              ) Case No. BC 480013
                                             )
                                             )
            Plaintiff,                        )
                                             )
                                             ) Special Verdict-Conversion
    v.                                        )
                                             )
                                             )
KIMBERLY MARTIN-BRAGG,                        )
            Defendants                        )
_____          )

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes  0  No

(b) Piano?
12 Yes  0  No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes  0  No

(d) Recording Console SSL K?
12 Yes  0  No

(e) Music, Sound and Recording Equiptment?
12 Yes  0  No

(f) Musical Instruments?
12 Yes  0  No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0 Yes 12 No

(i) Masters?
12 Yes  0  No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

12 Yes  0  No

048

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

__O__ Yes __12__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

__12__ Yes __O__ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

__12__ Yes __O__ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?



a. For the fair market value of the property:
$ 2.5 million ($2,500,000)

b. For lost profits:
$ 650,000

TOTAL $ 3,150,000

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

__12__ Yes __O__ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camaro, personal document

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further question

049

and have the presiding juror sign and date this form.

    9.  If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?     $ 2.5 million

Signed: _____
                 Presiding Juror

Dated: 7/29/2013

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# C

0510

46

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                        ) Case No. BC 480013
                                        )
                                        )
        Plaintiff,                      )
                                        )
                                        ) Special Verdict-Trespass
v.                                      ) to Chattel
                                        )
                                        )
KIMBERLY MARTIN-BRAGG,                  )
        Defendants                      )
                                        )

# FILED

LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp*

BY JEFF W. LIPP, DEPUTY

052

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
_12_ Yes _0_ No

(b) Piano?
_12_ Yes _0_ No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
_12_ Yes _0_ No

(d) Recording Console SSL K?
_12_ Yes _0_ No

(e) Music, Sound and Recording Equiptment?
_12_ Yes _0_ No

(f) Musical Instruments?
_12_ Yes _0_ No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
_0_ Yes _12_ No

(i) Masters?
_12_ Yes _0_ No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property ?

_12_ Yes _0_ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

**0** Yes **12** No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

**12** Yes **0** No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

**12** Yes **0** No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?
    a. For the fair market value of the property:

$ **2.5 million**
**($2,500,000)**

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

**12** Yes **0** No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?
**Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro, legal documents**
If your answer to question 7 is yes and the Court follows your personal recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?    $ **2.5 million**

Signed: _____
                 Presiding Juror

Dated: 7/29/2013

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

055

# EXHIBIT

# D

```
FILED & ENTERED

        JUN 04 2015

  CLERK U.S. BANKRUPTCY COURT
   Central District of California
  BY evangeli  DEPUTY CLERK
```

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Kimberly Martin-Bragg,<br>Debtor. | Case No.:  2:14-bk-15698-ER<br>Chapter:   11<br><br>**ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD**<br><br><u>**Advanced Hearing:**</u><br>Date:        June 3, 2015<br>Time:        10:00 a.m.<br>Courtroom:   1568 |

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11.  On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015.  D.E. 156.  On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015.  On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case.  On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

057

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case.  11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

059

# EXHIBIT

# E

060

IVAN RENE MOORE
1236 Redondo Blvd
Los Angeles, CA  90019
323 932-9439
Ivan  Rene Moore
Plaintiff  In  Pro se

FILED
JUN 0 6 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Kimberly Barbour<br>Aka Kimberly Martin-Bragg,<br>　　　　　　Debtor<br><br>IVAN RENE MOORE<br>PLAINTIFF<br><br>KIMBERLY BARBOUR<br>aka KIMBERLY MARTIN-BRAGG,<br>　　　　　　DEFENDANT | Case No.  2:16-BK-22878-BR<br><br>Adv No. 2:16-AP-01543 BR<br><br>Chapter (7)<br><br>PLAINTIFF'S OPPOSITION TO<br>DEFENDANT'S MOTION TO COMPEL<br>PRODUCTION OF DOCUMENTS;<br>DECLARATION OF IVAN RENE<br>MOORE<br><br>FILED CONCURRENTLY WITH<br>MOTION FOR SANCTIONS PURSUANT<br>TO FRCP RULE 11 FOR FALSE<br>STATEMENTS BY COUNSEL<br><br>Date:  June 20th , 2017<br>Time:  2:00 p.m.<br>Place:  1668<br>　　　　　Los Angeles, CA<br><br>Judge: HON BARRY RUSSELL<br><br>Hearing Requested |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

ORIGINAL

1

061

1    Plaintiff first responds by stating that despite the protestations and overwrought demands,

2  that all of the reasonably relevant documents to which the Plaintiffs would be legally entitled to

3  are offered for production. While Defendant's motion is thick and filled with attachments, it

4  does not place the factual content and the subject discovery requests and responses in their full

5  context.

6    An examination of the circumstances surrounding this motion demonstrates that

7  Defendant's motion and the relief sought is unwarranted and unnecessary.  Therefore,

8  Defendant's motion should be denied.

9

10    Plaintiff has filed his request for a Protective Order for the taking of his deposition and

11  has requested the Court order a discovery referee.   The parties are unable to resolve anything by

12  conversation, and only communicate by email based on the unprofessional conduct and the

13  willful lies of the defendant and her attorney.

14    Furthermore, filed concurrently with this objection, is a Motion for Sanctions under

15  FRCP Rule 11, against Steven A. Schuman and Leonard Dicker and Schreiber LLP, for the

16  knowingly and repeatedly false statements made in their pleading.

17

18  **I. General Discovery Rules Do Not Support the Sweeping and Contentious Discovery**

19  **Defendants Seek to Compel Here.**

20

21    The scope of allowable discovery under the federal rules is not as broad as Defendants

22  suggest. First, Under Rule 26(b)(1), there are two categories of discovery: that which is relevant

23  to the claim or defense of a party, and that which is merely relevant to the subject matter.  A

24  party seeking information relevant only to the subject matter must show good cause and seek the

25  court's approval.

26    The advisory committee's notes expressly explain that making "subject matter" discovery

27  dependent on showing good cause and obtaining court approval is "designed to involve the court

28  more actively in regulating the breadth of sweeping or contentious discovery."

1        Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000). The sweeping and contentious

2 discovery sought here is relevant, at most, to the subject matter of the case, and thus Defendants

3 must show good cause to the Court for imposing the burden of such discovery on Plaintiff.

4 Discovery cannot be "unreasonably cumulative or duplicative, or . . . obtainable from some other

5 source . . . ." Fed. R. Civ. P. 26(b)(2)(i).

6

7        Plaintiff submits that aside from the patently objectionable requests, many of the

8 requests to which Defendants now seek to compel responses are cumulative, or duplicative,

9 request information that they have in their own possession or that is a matter of court records.

10

11        Defendants seek to compel Plaintiffs to provide information despite

12 valid, reasonable, and applicable objections and despite the fact that there is a five year history of

13 litigation before this bankruptcy, which resulted in two large victories for the Plaintiff.   First is

14 the **$5,650,000.00** a unanimous jury awarded the Plaintiff after a nineteen day trial for the

15 Defendant's intentional acts of conversion and trespass to chattel.   Defendant filed this and

16 another bankruptcy, a Chapter 11, two years ago, which was dismissed for cause, seeking to

17 avoid and discharge this debt she owes to Plaintiff.   The second is the theft of Plaintiff's home

18 and the wrongful eviction by the Defendant, which the Plaintiff had reversed in the California

19 Court of Appeals, and which is well-known and often cited case

20 Martin-Bragg vs. Moore, 219 Cal. App. 4th 367 (2013).

21        The context under which the Defendant has made this motion is one of threats and racial

22 animus against Plaintiff.   Plaintiff will not be subjected to this and will ask the Court to

23 intervene.

24 //

25 //

26 //

27 //

28

063

## II. STATEMENT OF THE CASE

Most importantly, in Defendant's moving papers`1 Exhibit 3, the very first paragraph of the email states that " Please make arrangements to get us all the documents, an appropriate verified response with objection, no later than Monday, May 8, 2017." Plaintiff served his responses on May 3rd 2017. Plaintiff did not waive any objection and responded timely.

Despite the strident protestations of Defendant's counsel, the Plaintiff in this matter has not engaged in any willful conduct that would justify the relief requested. While Plaintiff concedes that discovery in this matter has not progressed as smoothly. This is solely the responsibility of the Defendant in this action. The Defendant has engaged in threats, lies and demeaning conduct. As best as Plaintiff can discern the following responses are categorized here for the Court.

**Response to Requests Number 1, 2, 28**

**Categories `Dischargeability and Prior Litigation Requests**

Plaintiff has responded to this Request fully and in good faith.

First of all the " dischargeability" of a debt inherently calls for a legal opinion and conclusion. That is enough of an objection to this interrogatory and its attendant request for production of documents.

Furthermore, all of the information to respond to this request is in the possession of the Defendant. Plaintiff responded as such and stated that Plaintiff sued Defendant in Moore vs. Martin Bragg for two intentional torts, Conversion and Trespass to Chattel.

Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful possession of Plaintiff's personal, business, corporate, legal and other documents. Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-Bragg LASC BC 480013, against this very Defendant, and despite a Court Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has Plaintiff's documents.

4

1    Plaintiff also met and conferred in detail as to his position including legal authority for

2    his response to these Requests on May 14, 2017. As with objections to interrogatories under Rule

3    33, objections to Rule 34 requests for production "must be stated with particularity in a timely

4    answer, See, Badalamenti v. Dunham's Inc., 498 U.S. 851 (1990); Hall v. Sullivan, 231 F.R.D.

5    468, 474 (D. Md. 2005). Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico,

6    Incorporated, 269 F.R.D. 143, 146 (D.P.R. 2010). This information is public information and is

7    readily accessible. Plaintiff also addressed this request in an email dated May 14th 2017.

8

9    **Response to Requests Number 3 and 4**

10    Category Police Reports/Insurance Reports plaintiff does not have any Police Report.

11    Insurance reports is a vague term. However Plaintiff did respond fully.

12

13    **Response to Requests 8, 9 , and 10**

14    Category Communication between Plaintiff and Home Depot, Cricket Mobile, and

15    AT&T.

16    Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

17    possession of Plaintiff's personal, business, corporate, legal and other documents.

18    Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel,

19    Moore vs. Martin-Bragg LASC BC 480013, against this very Defendant, and despite a Court

20    Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the

21    Defendant still has Plaintiff's.

22

23    Plaintiff further responded that Plaintiff will fly to Milwaukee, Kentucky and Illinois in

24    the next few weeks to complete his search.

25    **Responses to 12-29**

26    **Category ???**

27    **No. 12.** Plaintiff's bankruptcy schedules are public information.

28

065

1  **No. 13**. All documents concerning Plaintiff's radio stations  This is simply so vague as Plaintiff

2  objected.   Additionally any and all documents are either in Wisconsin, Ohio and Kentucky, or as

3  stated above in the Defendant's possession.

4  Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful

5  possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

6  Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

7  Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

8  Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

9  Plaintiff's.

10  **Responses 17 through 27**

11  **Category Communications with various Artists**

12  Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

13  possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

14  Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

15  Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

16  Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

17  Plaintiff's.

18  **Response 29**

19  **Documents Communication with Ronald Hills and his lawyers` Plaintiff objected because**

20  **Mr. Hills and Plaintiff have been represented by the same attorney and the documents**

21  **would be privileged.  Plaintiff also objected because this is very overbroad and vague,**

22  **unintelligible and is conjunctive.**

23

24  Respectfully Submitted

25

26

27  DATED:  June 6th , 2017

28

IVAN RENE MOORE
Plaintiff and Responding Party

6

D60

## CONCLUSION

Based on the forgoing this motion should be denied. Defendants seek to compel responses to various discovery requests to which Plaintiff raised reasonable and timely objections and answered to the best of his ability. The information for which Defendants seek resort to the Court is largely arises from the five to seven years litigation and bankruptcies of defendant, and as such is available to the Defendant or in the possession of the Defendant based on this defendants willful violations of a Court order to return this plaintiff's legal documents.

The documents requested are mostly in the possession of the defendant in this action. Plaintiff will now have to file a relief from stay motions to access the documents via Court because this Defendant has now purportedly given plaintiff's legal and business documents to Wells Fargo. `

DATED: June 6th 2017

IVAN RENE MOORE
Plaintiff in Pro Se

7

O67

### DECLARATION OF IVAN RENE MOORE

I, Ivan Rene Moore, declare as follows:

I am the Plaintiff in this action and I have personal knowledge of the following.

1.  Plaintiff responded to defendants production of documents Set One on May 3rd 2017. ( **Exhibit A**)

2.  Plaintiff provided full and complete responses which were not boilerplate answer or objections.

3.  Most of the documents requested are in the possession of this defendant in this action.

4.  Some of the other document are in other States and plaintiff has not had the time to go to the various states to review and retrieve the documents requested based on the ongoing emails with random self-execution dates.

5.  This motion is in bad faith and this defendant should be sanctioned for this conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  June 6th, 2017

_____
IVAN RENE MOORE

8

068

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am a party to the action within. My business address is 1236 Redondo Blvd, Los Angeles, California 90019. On June 6th, 2017, I served the foregoing documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF IVAN RENE MOORE**

I served this document on the interested parties in this action by depositing in the US Mail at Los Angeles, California addressed as follows and the Service list attached:

**Peter M. Lively**
**The Law Offices of Peter M. Lively**
**11268 Washington Blvd.  Suite 203**
**Culver City, CA  90230-4647**

**Steven A. Schuman**
**Lee T. Dicker**
**Leonard, Dicker & Schreiber LLC**
**9340 Olympic Boulevard**
**Suite 400**
**Beverly Hills, CA 90212-4519**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 6th, 2017, at Los Angeles, California.

Stan Bethel

069

# Exhibit (A)

1    IVAN RENE MOORE
     1236 Redondo Boulevard
2    Los Angeles. CA. 90019

3    Telephone: (310) 871-9732

4    Plaintiff in Pro Se

5

6

7                 UNITED STATES BANKRUTPCY COURT

8       CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

9

10    In Re:                       )   CASE NO.  2:16-BK-22878-BR
     Kimberly Martin-Bragg.        )   ADV. NO. 2:16-AP-01543-BR

11                Debtor.    )
                                 )   **IVAN RENE MOORE RESPONSE TO**

12                                  )   **DEFENDANT DEBTOR KIMBERLY**
     —————————————— )   **BARBOUR'S FIRST REQUEST FOR**

13    Ivan Rene Moore.            )   **PRODUCTION OF DOCUMENTS**
         Plaintiff/Creditor,      )

14                                    )
     vs.                                   )

15                                    )
     Kimberly Barbour, aka Kimberly Martin-Bragg, )

16    aka Kimberly Bragg, aka Kim Martin , aka Kim )
     Barbour . et al.                    )

17            Defendants          )
                                   )

18                                    )

19                                    )

20

21

22

23

24

25    PROPOUNDING PARTY:        DEFENDANT DEBTOR KIMBERLY BARBOUR

26    RESPONDING PARTY:          PLAINTIFF/CREDITOR IVAN RENE MOORE

27    SET NO.:                    ONE

28

**PRELIMINARY STATEMENT AND OBJECTIONS**

**SPECIAL OBJECTION TO EACH AND EVERY REQUEST**

Much of the information responsive to these Requests is not in Plaintiff's possession. Plaintiff has made a reasonable and diligent search and believes they are in the wrongful possession of the propounding party, Defendant/Debtor. They were at the 6150 Shenandoah Avenue Property at the time of Plaintiff's wrongful eviction from his home. Since 2012 they have been in the wrongful possession of Defendant. They are the subject of a Court Order in Moore vs. Bragg BC 480013. On November 8, 2013, Judge Michelle Rosenblatt has ordered the Defendant Bragg to turn over these documents to Plaintiff, but to date she has not. Since then Plaintiff has made a reasonable diligent and exhaustive attempts to retrieve this information and has not received it. The responding party is "required to inquire and investigate in order to learn about others' knowledge . . [and] must at least make a reasonable effort to obtain the information requested." *Interland, Incorporated v. Bunting*, No. 1:04-CV-444-ODE, 2005 WL 2414990, at *6, 2005 U.S. Dist. LEXIS 36112, *19 (N.D. Ga. Mar. 31, 2005). Responding party has satisfied this obligation but Defendant Barbour has not returned any documents or properties to Plaintiff.

Plaintiffs object to this discovery request on the basis of vagueness and overbreadth. In addition, Plaintiffs submit to that the request is beyond the scope of permissible discovery. Because a party does not need to be made aware of the contents of its own documents, the only purpose for the request is to determine what information the Plaintiffs have discovered. Because the second-hand knowledge of the plaintiff is not relevant nor reasonably calculated to lead to admissible evidence, it is beyond the scope and objectives of legitimate discovery. FED. RULE CIV. PRO. 26(b)(1). See, for example: Smith v. BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa. 1988). In addition, Plaintiffs object to this request on the basis that the defendant has equal or greater access to the information sought. Furthermore, Plaintiffs object on the basis of the Attorney Work Product Doctrine, insofar as the selection of the documents requested would reveal the mental impressions, opinions, and/or trial strategy of some of Plaintiff's attorneys, to the extent Plaintiff was represented by counsel in some actions or parts of some actions. FED. RULE CIV. PRO. 26(b)(3).(See, for example: Gould v. Mitsui Mining & Smelthing, 825 F.2d 676, 680 (2nd Cir. 1987); Shelton v. American Motors, 805 F.2d 1323, 1328-1329 (8th Cir. 1986); Sporck v. Pell, 759 F.2d 312, 316 (3rd Cir. 1985); James Julian v. Raytheon, 93 F.R.D. 138, 144 (D.Del. 1982); Smith v. Florida Power & Light, 632 So.2d 696 (Fla. App. 3rd Dist. 1994).

1     As such. the Defendant/Debtor propounds these requests in bad faith.

2     The Defendant/Debtor has failed to cooperate in discovery in violation of LR 7026 which states:

3

4     (c) Failure to Make Disclosures or Cooperate in Discovery.

5

6     (1) General.  Unless excused from complying with this rule by order of the court for good cause

7     shown. a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in

8     accordance with this rule.

9

10     (2) Meeting of Counsel.  Prior to the filing of any motion relating to discovery, counsel for the

11     parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute.  It

12     is the responsibility of counsel for the moving party to arrange the conference.  Unless altered by

13     agreement of the parties or by order of the court for cause shown, counsel for the opposing party

14     must meet with counsel for the moving party within 7 days of service upon counsel of a letter

15     requesting such meeting and specifying the terms of the discovery order to be sought.  Therefore

16     and pursuant to LBR 7026-1 Plaintiff responds in good faith complete and straightforward as the

17     information reasonably available; and Plaintiff answers to the extent possible; and Plaintiff has

18     "made a reasonable and good faith effort to obtain the information .  To comply with

19     further requirements  , whether any responsive materials are being withheld on the basis of that

20     objection, Plaintiff is not withholding any document of which he does not have possession.

21       There may be additional facts. evidence and witnesses of which Plaintiff is currently not

22     aware as his investigation and  discovery continues.

23       Additionally. this First Request for Production of Documents is  premature and therefore

24     oppressive and burdensome because Defendants have refused to be deposed,  Defendant Bragg has

25     refused to turn over Plaintiff's documents which she has acknowledged is in her possession and

26     that they are owned by Mr. Moore.

27       Plaintiff objects to First Request For Production of Documents,  because they are

28     purposely designed to harass Plaintiff because Defendant knows Plaintiff is without certain

1  documents. Furthermore, Defendant propounds now knowing that Defendants will not submit to

2  their Deposition so that Plaintiff can inquire and ask her to bring his documents to prepare for trial.

3       Plaintiff objects further and because responses to the First Request for Production of

4  Documents because the documents are equally available to the propounder. Many of the

5  responses are in the possession of Defendant Barbour and or contained in Court Records. It is

6  unduly burdensome to produce these massive amounts of documents without the specificity

7  needed to respond. Please see Alpine Mutual Water Co. v. Superior Court (1968), 259

8  Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court

9  (1969), 272 Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980),

10  110 Cal.App.3d 513, 52.

11       Finally Plaintiff objects to each and every request Plaintiff objects to the discovery request

12  because it seeks to invade the Plaintiffs right to privacy. Further, much of the information sought

13  is not relevant to the subject matter of the pending action because of the excessive time limitation,

14  2002, for example, or if so, does not outweigh the prejudice to Plaintiffs constitutional right to

15  privacy.

16

17  **RESPONSE TO REQUEST No. 1:**

18       Objection.

19       Plaintiff has stated many facts in his complaint which arise from documents in other court

20  actions against the Debtor/Defendant Barbour.     Additionally this Response is objected to under

21  all the objections in Plaintiff's Response to Special Interrogatories. This request calls for a legal

22  conclusion. All documents in response to this Request are in the possession of the

23  Debtor/Defendant or are equally available to the propounder. Please see Alpine Mutual Water

24  Co. v. Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d

25  813; Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503; and specifically City of

26  Alhambra v. Superior Court (1980), 110 Cal.App.3d 513, 52.

27  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

28  because the Defendant will not appear for her deposition to bring the documents she has.

079

1   Therefore these Requests are made in bad faith and are premature.

2   And as such they are harassing and burdensome, and oppressive, and not reasonably calculated

3   at this time to lead to other discoverable evidence.

4   Without waiving said objection and responding in good faith, Plaintiff responds:

5   All documents upon which Plaintiff bases his contention on any claim are equally available.   See

6   the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

7   Judgements entered thereon on September 3, 2013, and September 8, 2013.   See also the other

8   actions Defendant/Debtor is a named party, and her two bankruptcy filings, both of which this

9   discovery arises and is in the possession of the propounding party.   Plaintiffs object to this

10   discovery request on the basis of vagueness and overbreadth. In addition, Plaintiffs submit to that

11   the request is beyond the scope of permissible discovery. Because a party does not need to be made

12   aware of the contents of its own documents, the only purpose for the request is to determine what

13   information the Plaintiffs have discovered. Because the second-hand knowledge of the plaintiff is

14   not relevant nor reasonably calculated to lead to admissible evidence, it is beyond the scope and

15   objectives of legitimate discovery. FED. RULE CIV. PRO. 26(b)(1). See, for example: Smith v.

16   BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa. 1988).  Plaintiff's discovery and investigation

17   continues.  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18   Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19   could possibly be produced on a later date if the defendant overcome the lawful objections.

20

21   **RESPONSE TO REQUEST NO. 2.**

22   Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

23   meant by "CONCERNING " , and " any of the property".

24   Without waiving said objection Plaintiff responds as follows:

25        . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

26   claim. Additionally this Request calls for a legal conclusion in the response.   Additionally this

27   information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

28   Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

075

1   Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

2   v. Superior Court (1980), 110 Cal.App.3d 513, 52.

3   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

4   because the Defendant will not appear for her deposition.

5   Therefore these Requests are premature and as such they are harassing and burdensome, and

6   oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

7   Without waiving said objection and responding in good faith, Plaintiff responds:

8   All documents upon which Plaintiff bases his contention on any claim are equally available.   See

9   the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

10  Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

11  Debtor/Defendant is a party, including her two bankruptcies.  Notwithstanding the valid objection

12  Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few

13  week to obtain certain document that will or could possibly be produced on a later date if the

14  defendant overcome the lawful objections.

15  **RESPONSE TO REQUEST No.3:**

16  Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

17  meant by  "Police reports ", and " any of the property" and "reports claiming."

18  Without waiving said objection Plaintiff responds as follows:

19  Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since 2012.

20  Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his claim.

21  Additionally this Request calls for a legal conclusion in the response.   Additionally this

22  information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

23  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

24  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v.

25  Superior Court (1980), 110 Cal.App.3d 513, 52.

26  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

27  because the Defendant will not appear for her deposition, nor has she delivered to Plaintiff any of

28  his documents.

1  Therefore these Requests are premature and as such they are harassing and burdensome, and

2  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

3  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

4  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

5  possibly be  produced on a later date if the defendant overcome the lawful objections.

6

7  **RESPONSE TO REQUEST No. 4:**

8  Objection.   The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

9  meant by  "Insurance reports ", and " any of the property" and "reports claiming."

10  Without waiving said objection Plaintiff responds as follows:

11           Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since

12  2012.

13           . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

14  claim.  Additionally this Request calls for a legal conclusion in the response.   Additionally this

15  information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

16  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

17  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

18  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

19  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

20  because the Defendant will not appear for her  deposition.

21  Therefore these Requests are premature and as such they are harassing and burdensome, and

22  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

23  All documents  upon which Plaintiff bases his contention on any claim are equally available.

24  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

25  because the Defendant will not appear for her  deposition Notwithstanding the valid objection

26  Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few

27  week to obtain certain document that will or could possibly be  produced on a later date if the

28  defendant overcome the lawful objections.

O16

**RESPONSE TO REQUEST No. 5:**

Objection.

This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

v. Superior Court (1980), 110 Cal.App.3d 513, 52.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

because the Defendant will not appear for her deposition.

Therefore these Requests are premature and as such they are harassing and burdensome, and

oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

possibly be  produced on a later date if the defendant overcome the lawful objections.

**RESPONSE TO REQUEST No. 6:**

Objection.

This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v.

Superior Court (1980), 110 Cal.App.3d 513, 52.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

because the Defendant will not appear for her deposition.

Therefore these Requests are made in bad faith, premature and as such they are harassing and

burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

evidence.  The transcripts costs are around $21.656.00 the defendant will have to send a cashier's

check to obtain the requested transcript.

**RESPONSE TO REQUEST No. 7:**

Objection.  Irrelevant.  This request is vague and unintelligible in its present form.

Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

COMMUNICATIONS".   It lacks particularity as required by the Federal Rules of Civil

Procedure and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

The request also is objectionable as it calls for trade secrets.

Without waiving said objection Plaintiff responds:

Plaintiff has made a reasonable and diligent search and does not have the documents nor the

information.  These documents are or may be in the possession of the Defendant/Debtor.

**RESPONSE TO REQUEST No. 8:**

Objection.   This request is vague and unintelligible in its present form.

Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

COMMUNICATIONS".   The request also is objectionable as it calls for trade secrets.  It lacks

particularity as required by the Federal Rules of Civil Procedure and it is unduly burdensome.  It

also violated Plaintiff's right to privacy.

The request also is objectionable as it calls for trade secrets.

Without waiving said objection Plaintiff responds:

Plaintiff has made a reasonable and diligent search and does not have the documents nor the

information.   These documents are or may be in the possession of the Defendant/Debtor.

Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

possibly be  produced on a later date if the defendant overcome the lawful objections.


**RESPONSE TO REQUEST No. 9:**

Objection.  This request is vague and unintelligible in its present form.

Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

COMMUNICATIONS".  It lacks particularity as required by the Federal Rules of Civil Procedure

and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

1  The request also is objectionable as it calls for trade secrets.

2  Without waiving said objection Plaintiff responds:

3  Plaintiff has made a reasonable and diligent search and does not have the documents nor the

4  information.   These documents are or may be in the possession of the Defendant/Debtor.

5  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

6  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7  possibly be  produced on a later date if the defendant overcome the lawful objections.

8

9  **RESPONSE TO REQUEST No. 10:**

10  Objection.   This request is vague and unintelligible in its present form.

11  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

12  COMMUNICATIONS".   " It lacks particularity as required by the Federal Rules of Civil

13  Procedure and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

14  The request also is objectionable as it calls for trade secrets.  Without waiving said objection

15  Plaintiff responds:  Plaintiff has made a reasonable and diligent search and does not have the

16  documents nor the information.   These documents are or may be in the possession of the

17  Defendant/Debtor. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18  Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19  could possibly be  produced on a later date if the defendant overcome the lawful objections.

20  **RESPONSE TO REQUEST No. 11:**

21  Objection.   This request is vague and unintelligible in its present form.

22  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the definition

23  dump.  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to

24  return them despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC

25  480013.  Without waiving said objection Plaintiff responds.

26  Plaintiff may have documents in Milwaukee but has not been able to obtain them as of the

27  making of these responses. Notwithstanding the valid objection Plaintiff will have to fly to

28  Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few week to obtain certain

1  document that will or could possibly be produced on a later date if the defendant overcome the

2  lawful objections.

3  **RESPONSE TO REQUEST No. 12:**

4  Objection. Vague and unintelligible.  Plaintiff Ivan Rene Moore has not had four bankrutpcies.

5  As such, Plaintiff objects to the form of question because it states a hypothetical or an

6  impossibility.

7  Further objection is made on the grounds that this information is equally available to the

8  propounder.  Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

9  Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court (1969), 272

10  Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980), 110

11  Cal.App.3d 513, 52.  The propounder has access to PACER. Plaintiff's discovery is continuing

12  and Plaintiff has not had an opportunity to depose the Defendant because the Defendant will not

13  appear for her deposition. Therefore these Requests are made in bad faith, premature and as such

14  they are harassing and burdensome, and oppressive, and not reasonably calculated this time to lead

15  to other discoverable evidence.

16  **RESPONSE TO REQUEST No. 13:**

17  Objection.  This request is vague and unintelligible in its present form.

18  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the

19  definition.  Objection as to trade secrets.  Objections are also made as to trade secrets, and

20
21  attorney client privilege. Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and

    has failed to return them despite court orders to do so.  See Orders of Judge Michelle Rosenblatt
22
23  in BC 480013. Objection is also made on the grounds that information is equally available to the

24  propounder.  Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

25  Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court (1969), 272

26  Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980), 110

27

28

1   Cal.App.3d 513, 52.  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to

2   depose the Defendant because the Defendant will not appear for her deposition.

3   Therefore these Requests are premature and as such they are harassing and burdensome, and

4   oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

5   Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi. Louisville

6   Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7   possibly be  produced on a later date if the defendant overcome the lawful objections.

8   **RESPONSE TO REQUEST No. 14:**

9

10   Objection.  This request is vague and unintelligible in its present form.  Furthermore this request

11   as stated is factually incorrect and is therefore improper and irrelevant.

12   Plaintiff does not know what is meant by " DOCUMENTS reflecting PLAINTIFF'S ALLEGED

13   ASSETS OF $50,0000, as claimed in his bankruptcy petition."  Plaintiff's bankruptcy petition is

14   public information and equally available as to what Plaintiff claimed.

15   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

16

17   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

18   This information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

19   Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

20   Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

21   v. Superior Court (1980), 110 Cal.App.3d 513, 52.

22   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

23   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

24   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

25   and not reasonably calculated this time to lead to other discoverable evidence.  Notwithstanding

26

27   the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi. Louisville Kentucky and

28

1   Evansville Ill in the next few week to obtain certain document that will or could possibly be

2   produced on a later date if the defendant overcome the lawful objections.

3

4   **RESPONSE TO REQUEST No. 15:**

5   Objection.   This request is vague and unintelligible in its present form.

6   Plaintiff does not know what is meant by " held" by Plaintiff.   Furthermore Plaintiff objects on

7   grounds of privacy.  See *People v. Superior Court* (Kardon) (1973). 35 Cal. App.3d 710 ; and

8   Alch v. Superior Court (2008). 165 Cal.App.4th 1412, 1427 .

9
    Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them
10
    despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.
11

12  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13  Defendant because the Defendant will not appear for her deposition.

14  Therefore these Requests are made in bad faith, premature and as such they are harassing and

15  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16  evidence.  Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi,

17  Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

18  could possibly be  produced on a later date if the defendant overcome the lawful objections.

19  **RESPONSE TO REQUEST No. 16**

20  Objection.   This request is vague and unintelligible in its present form.

21  Plaintiff does not know what is meant by " CONCERNING" .  Further, the Defendant/Debtor has

22  Plaintiff's documents wrongfully, and has failed to return them despite court orders to do so.   See

23  Orders of Judge Michelle Rosenblatt in BC 480013.

24  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

25  Defendant because the Defendant will not appear for her deposition.

26  Therefore these Requests are made in bad faith, premature and as such they are harassing and

27  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

28

1  evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

2  (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

3  1427 .  Furthermore Plaintiff objects to the time as so old as to be irrelevant. Notwithstanding the

4  valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and

5  Evansville Ill in the next few week to obtain certain document that will or could possibly be

6  produced on a later date if the defendant overcome the lawful objections.

7  **RESPONSE TO REQUEST No. 17**

8  Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and

9  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

10  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

11  despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

12  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13  Defendant because the Defendant will not appear for her deposition.

14  Therefore these Requests are made in bad faith, premature and as such they are harassing and

15  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16  evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

17  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

18  1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections,

19  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

20  documents.  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi,

21  Louisville Kentucky and Evansville Ill in the next few weeks to obtain certain document that will or

22  could possibly be  produced on a later date if the defendant overcome the lawful

23  objections.**RESPONSE TO REQUEST No. 18**

24  Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and

25  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

26  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

27  despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

28

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

Defendant because the Defendant will not appear for her deposition.

Therefore these Requests are made in bad faith, premature and as such they are harassing and

burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

(Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

documents.

**RESPONSE TO REQUEST No. 19**

Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

Defendant because the Defendant will not appear for her deposition.

Therefore these Requests are made in bad faith, premature and as such they are harassing and

burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

(Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

documents.

**RESPONSE TO REQUEST No. 20**

Objection. Irrelevant. FRE 401. California Evidence Code §210 This request is vague and unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING". Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them despite court orders to do so. See Orders of Judge Michelle Rosenblatt in BC 480013. Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant because the Defendant will not appear for her deposition. Therefore these Requests are made in bad faith, premature and as such they are harassing and burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 . Additionally this evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

**RESPONSE TO REQUEST No. 21**

Objection. Irrelevant. FRE 401, California Evidence Code §210 This request is vague and unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING". Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them despite court orders to do so. See Orders of Judge Michelle Rosenblatt in BC 480013. Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant because the Defendant will not appear for her deposition. Therefore these Requests are made in bad faith, premature and as such they are harassing and burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

1   Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

2   documents.

3   **RESPONSE TO REQUEST No. 22**

4   Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

5   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

6   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

7   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

8   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

9   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

10   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

11

12   and not reasonably calculated this time to lead to other discoverable evidence.  Furthermore

13   Plaintiff objects on grounds of privacy.  See *People v. Superior Court* (Kardon) (1973), 35 Cal.

14   App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this

15   evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

16   follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

17   **RESPONSE TO REQUEST No. 23**

18

19   Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

20   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

21   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

22   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

23   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

24   Defendant because the Defendant will not appear for her deposition. Therefore these Requests are

25   made in bad faith, premature and as such they are harassing and burdensome, and oppressive, and

26   not reasonably calculated this time to lead to other discoverable evidence.  Furthermore Plaintiff

27   objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710

28

086

1    : and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this evidence

2    may involve trade secrets. Without waiving said objections, Plaintiff responds as follows:

3    Plaintiff objects to these documents as irrelevant as to age of the documents.

4
     **RESPONSE TO REQUEST No. 24**
5
     Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and
6
     unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .
7
     Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them
8
     despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.
9
     Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the
10
     Defendant because the Defendant will not appear for her deposition.
11
12   Therefore these Requests are made in bad faith, premature and as such they are harassing and

13   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

14   evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

15   *(Kardon)* (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

16
     1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections,
17
     Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the
18
     documents.
19
20   **RESPONSE TO REQUEST No. 25**

21   Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and

22   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

23   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

24   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

25   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

26   Defendant because the Defendant will not appear for her deposition.

27

28

1   Therefore these Requests are made in bad faith, premature and as such they are harassing and

2   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3   evidence.

4       Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

5   (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

6

7   1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

8   Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

9   documents.

10  **RESPONSE TO REQUEST No. 26**

11  Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

12  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" ,

13  even with definitions included.  Further, the Defendant/Debtor has Plaintiff's documents

14  wrongfully, and has failed to return them despite court orders to do so.  See Orders of Judge

15  Michelle Rosenblatt in BC 480013. Plaintiff's discovery is continuing and Plaintiff has not had an

16  opportunity to depose the Defendant because the Defendant will not appear for her deposition.

17  Therefore these Requests are made in bad faith, premature and as such they are harassing and

18  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

19  evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

20

21  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

22  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

23  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

24  documents.

25  **RESPONSE TO REQUEST No. 27**

26  Objection. Irrelevant. FRE 401, California Evidence Code §210  This request is vague and

27  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

28

1   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

2   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

3   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

4   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

5   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

6   and not reasonably calculated this time to lead to other discoverable evidence.   Furthermore

7   Plaintiff objects on grounds of privacy.  See *People v. Superior Court* (Kardon) (1973). 35 Cal.

8   App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412. 1427 .  Additionally this

9

10  evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

11  follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

12

13  **RESPONSE TO REQUEST NO. 28.**

14  Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

15  meant by "CONCERNING " , and " any of the property".

16  Without waiving said objection Plaintiff responds as follows:

17         .  Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

18  claim.  Additionally this Request calls for a legal conclusion in the response.   Additionally this

19  information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

20  Superior Court (1968). 259 Cal.App.2d 45: Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

21  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

22  v. Superior Court (1980). 110 Cal.App.3d 513, 52.

23  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

24  because the Defendant will not appear for her  deposition to determine her wrongful possession of

25  these documents.

26

27

28

089

1   Therefore these Requests are made in bad faith,  premature and as such they are harassing and

2   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3   evidence.  Without waiving said objection and responding in good faith. Plaintiff responds:

4   All documents  upon which Plaintiff bases his contention on any claim are equally available.   See

5   the Complaint in Moore vs. Martin Bragg. LASC BC 480013. the Special Verdicts and the

6   Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

7   Debtor/Defendant is a party, including her two bankruptcies. Notwithstanding the valid lawful

8   objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the

9   next few week to obtain certain document that will or could possibly be  produced on a later date if

10  the defendant overcome the lawful objections.

11  **RESPONSE TO REQUEST No. 29**

12  Objection.  Irrelevant  FRE 410 and CEC 210.  Attorney Client Privilege.  ( See *Deary v. Superior*

13  *Court (Hendrick)* (2001), 87 Cal.App.4th 1072. ;See Stadish v. Superior Court (1999) 71

14  Cal.App.4th 1130. 1140-1141 [84 Cal.Rptr.2d 350]; Scottsdale Ins. Co. v. Superior Court (1997)

15  59 Cal.App.4th 263, 274 [69 Cal.Rptr.2d 112].)"   Mr Hills and Plaintiff are represented in actions

16
17  by the same attorney.This Request is overly broad and vague and ambiguous as to which

18  "COMMUNICATIONS" are requested.   As such Plaintiff objects to the form of this question as

19  C.C.P.§2031.030(c)(1)  failing in "describing each individual item or by reasonably particularizing

20  each category...."This request is compound, and conjuctive and unintelligible in its present form.

21  Vague as to "CONCERNING".  Even with the definition provided Plaintiff cannot understand

22  what is meant by this Request and "CONCERNING".  Objection as to trade secrets. (See Standish

23  v. Superior Court (1999), 71 Cal.App.4th 1130. 1141) This request is unduly burdensome and

24  overbroad because much of what it seems to call for is irrelevant to this action with regard to

25  communications with Ronald Hills.   It lacks the particularity and specificity so Plaintiff is unable

26  to respond.   Objection as to privacy and unduly intrusive.  And objection as to relevancy in time.

27  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

28

1  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

2  possibly be produced on a later date if the defendant overcome the lawful objections.

3  **RESPONSE TO REQUEST No. 30**

4  Plaintiff is unable to produce documents which Defendant/Debtor has Plaintiff's documents

5  wrongfully, and has failed to return them despite court orders to do so.   See Orders of Judge

6  Michelle Rosenblatt in BC 480013.

7
   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the
8
   Defendant because the Defendant will not appear for her deposition.
9

10  Therefore these Requests are premature and as such they are harassing and burdensome, and

11  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

12  Objection.  Privilege California recognizes a "privilege against forced disclosure of tax returns" in

13  "civil discovery proceedings."  Schnabel v. Superior Court (1993) 5 Cal.4th 704.   Webb v.

14  Standard Oil Co. (1957) 49 Cal.2d 509. 513.)   Additionally this request violates Plaintiff's right to

15  privacy.  Objection is made also in that this is unduly burdensome and irrelevant, and exceed time

16  limitations therefore are irrelevant.

17  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

18  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

19  possibly be produced on a later date if the defendant overcome the lawful objections.
20

21

22

23

24

25

26

27

28

091

**VERIFICATION**

1

2   I am the Plaintiff in the above entitled matter.  I have read the foregoing **IVAN RENE MOORE**

3   **RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR**

4   **PRODUCTION OF DOCUMENTS** and know the contents thereof.   With respect to these

5   Responses, the same is true by my own knowledge, except as those matters which are therein

6

7   stated on information and belief, and, as to those matters, I believe them to be true.

8   Notwithstanding this litigation is ongoing and this plaintiff reserves his right to modify his

9   answers if new information is discovered.

10

11   I declare under the penalty of perjury under the laws of the United States, that the forgoing is true

12   and correct.

13   Dated:  May 3th , 2017

14

15   Ivan Rene Moore

16   Plaintiff  In Pro Se

17

18

19

20

21

22

23

24

25

26

27

28

092

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am party to the action within. My business address is 1236 Redondo Blvd, Los Angeles, California 90019. On May 3rd , 2017 , I served the foregoing documents described as:

**IVAN RENE MOORE RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE**

on the interested parties in this action by email and by placing true copies thereof enclosed in a sealed envelope and addressing as follows:

Steven  Schuman

(Attorney for Defendant Bragg)

9460 Olympic Blvd

Los Angeles California 90212

Executed on  May 3rd . 2017 at Los Angeles, California. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Ivan Rene Moore

# EXHIBIT

# F

094

1
2
3        .
4
5
6
7

```
                                    ┌─────────────────────────┐
                                    │     FILED & ENTERED      │
                                    │                          │
                                    │      NOV 17 2017         │
                                    │                          │
                                    │ CLERK U.S. BANKRUPTCY COURT │
                                    │ Central District of California │
                                    │ BY fortier    DEPUTY CLERK │
                                    └─────────────────────────┘
```

8
9
10

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

11

| | |
|---|---|
| 12  In re: | CHAPTER 7 |
| 13  Kimberly Barbour, | Case No.:  2:16-bk-22878-BR<br>Adv. No:  2:16-ap-01543-BR |
| 14 | |
| 15                          Debtor(s). | **ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE** |
| 16 | |
| 17  Ivan Rene Moore, | Date:        November 14, 2017<br>Time:        10:00 a.m.<br>Courtroom: 1660 |
| 18                          Plaintiff(s), | 255 East Temple Street<br>Los Angeles, CA 90012 |
| 19        v. | |
| 20  Kimberly  Barbour, | |
| 21 | |
| 22                          Defendant(s). | |

23
24
25
26
27
28

The Court held a status conference on November 14, 2017 on plaintiff's "Verified

Adversary Proceeding Complaint for: 1. Fraudulent Bankruptcy Filing in Violation of 18

U.S.C. § 157; 2. Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(A)(2), (4), (6)

and (11); 3. Conversion; 4. Embezzlement; 5. Fraudulent Transfers; 6. Replevin; 7.

False Light; 8. Tortuous [sic] Interference with Prospective Economic Advantage; 9.

095

1   Common Law Fraud; 10. Defamation; 11. Constructive Trust; [and] 12. Negligent

2   Misrepresentation," filed on December 9, 2016.

3          Steven A. Schuman, Esq. appeared on behalf of the debtor/defendant. Plaintiff

4   Ivan Rene Moore appeared *in propria persona*.

5          During the course of the hearing, the Court asked plaintiff if he had complied with

6   the Order Re: Motion for Terminating Sanctions and Hearing Re: Continued

7   Depositions, which the Court entered on September 7, 2017. That Order stated, in

8   pertinent part:

9          . . .   5.       The Court further ruled that, if [plaintiff] Moore

10                 fails to fully comply with this Order in a strictly timing [sic]

11                 fashion, including both providing discovery and payment of

12                 the $13,000, no later than 5:00 p.m. on October 23, 2017,

13                 that the adversary complaint shall be dismissed in its

14                 entirety.

15         Plaintiff responded that he had provided all discovery available to him to the best

16   of his ability, but that he had not paid the $13,000 in sanctions. The Court advised him

17   that it intended to dismiss the adversary proceeding with prejudice due to his failure to

18   pay the sanctions.

19         Accordingly, due to plaintiff's failure to fully comply with the September 7, 2017

20   Order, this adversary proceeding is DISMISSED with prejudice.

21

22

23

24

25   Date: November 17, 2017

26                                              Barry Russell
                                                United States Bankruptcy Judge
27

28

-2-

*096*

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019

Lee T Dicker
Leonard Dicker & Schreiber LLP
9430 Olympic Blvd
Beverly Hills, CA 90212

RONALD HILLS
1236 Redondo Blvd
Los Angeles CA 90019

Electronic Mail Notice:
Lee T Dicker    ldicker@ldslaw.com
Brad D Krasnoff (TR)    BDKTrustee@dgdk.com, bkrasnoff@ecf.epiqsystems.com;DanningGill@gmail.com
Peter M Lively    PeterMLively2000@yahoo.com, PeterMLively2000@yahoo.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

Date:    11/17/2017          Signature: _____

Deputy Clerk [printed name]: STACEY FORTIER   213 894 3687

CACB Rev. June 2016

*091*

# EXHIBIT

# G

**CD-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfiornia 90019<br><br>TELEPHONE NO.: 323 932 9439   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| **WRIT OF POSSESSION** ☑ **AFTER HEARING** ☐ **EX PARTE** | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles



YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*
   6150 Shenandoah Ave, Los Angeles Calif  90056
   6160 Shenandoah Ave, Los Angeles Calif  90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021       SHERRI R. CARTER Clerk, by  T. HEATH , Deputy



(SEAL)

NOTICE TO DEFENDANT: The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

O99

1
2

**Attachment 25 E**
Judgement Order

3   **The Court grants Plaintiff IVAN RENE MOORE's request for return of**
4   **property and orders KIMBERLY MARTIN-BRAGG to return to IVAN**
5   **RENE MOORE'S clothing, shoes, kitchen equipment, personal property,**
6   **piano, SSLK console, masters, 71 Camaro, and personal legal documents**
7   **consistent with the evidence presented at trial.**
8
9   **This order provides that IVAN RENE MOORE is entitled to the return**
10  **of all of said property in KIMBERLY MARTIN-BRAGG'S possession or**
11  **control including that which is in storage.   KIMBERLY MARTIN-**
12  **BRAGG, her agents, and anyone acting on her behalf are ordered not to**
13  **sell, give away, damage or keep from IVAN RENE MOORE any of the**
14  **property that is ordered to be returned.   Kimber Martin-Bragg is**
15  **ordered to have the property returned to IVAN RENE MOORE**
16
17
18
19
20
21
22
23
24
25
26
27
28

100

# EXHIBIT

# H



7/7/21 L.A. Sheriff's Raid
Debtor Bragg

102

# EXHIBIT

# I

103



7/7/21 L.A. Sheriff's Raid
Stolen Car recovered

# EXHIBIT

# J

105



7/7/21 L.A. Sheriff's Raid
Stolen Car recovered in Bragg's
possession

100

# EXHIBIT

# K

*107*



108

# EXHIBIT

# L

109

RULING

JUDGE DAVID J. COWAN
DEPARTMENT 1

| | |
|---|---|
| Date: | Tuesday, December 21, 2021 |
| Case Number: | BC480013 |
| Case Name: | *Ivan Renee Moore v. Kimberly Martin-Bragg* |
| Moving Party: | Kimberly Bragg |
| Responding Party: | Ivan Rene Moore |
| Ex Parte Application: | Recall Writ of Execution and Cancel Abstract of Judgment |

Ruling: **The Application is GRANTED AS STATED HEREIN. Enforcement of the Writ of Execution is stayed pending a final determination of whether the Final Judgment was discharged during Bragg's bankruptcy proceedings. The Application is otherwise DENIED WITHOUT PREJUDICE.**

## BACKGROUND

On November 8, 2013, following a jury trial, the Court entered an interlocutory judgment in favor of Ivan Renee Moore and against Kimberly Bragg for $3.15 million, finding Bragg liable for conversion and trespass to chattels in taking Moore's personal property after an eviction. The interlocutory judgment required Bragg to return certain property to Moore with reductions in the damages Bragg must pay based on the property returned.

On May 23, 2016, the civil court entered a Final Judgment incorporating and superseding the interlocutory judgment.

On September 28, 2016, Bragg filed for Chapter 7 bankruptcy.

On January 9, 2017, the bankruptcy court issued an order discharging Bragg's debts "under 11 U.S.C. [sec.] 727." (RFJN, Exh. 6.)[1]

---

[1] The Court grants Bragg's unopposed requests for judicial notice of several court filings and orders, including orders of the U.S. Bankruptcy Court for the Central District of California in case no. 2:16-bk-22878-BR, Bragg's Chapter 7 bankruptcy proceeding.

1

110

On September 27, 2021, Moore obtained a Writ of Execution for $3.15 million based on the Final Judgment.

On November 16, 2021, Moore obtained an abstract of judgment. (RFJN, Exh. 12.)

On November 24, 2021, Moore recorded the abstract of judgment, which "may constitute a lien against" 6150/6160 Shenandoah Avenue, Los Angeles, CA 90056. (RFJN, Exh. 13.)

On December 14, 2021, Kimberly Bragg filed an Ex Parte Application to Recall Writ of Execution and Cancel Abstract of Judgment.

On December 16, 2021, Ivan Renee Moore filed an Opposition to the Ex Parte Application.


## DISCUSSION

Bragg seeks to recall and cancel the Writ of Execution issued September 27, 2021 and abstract of judgment issued November 16, 2021 on the grounds that both are based on the Final Judgment purportedly discharged by the bankruptcy court on January 7, 2021. Bragg contends emergency relief is warranted because the cloud resulting from the recordation of the abstract of judgment will impact the refinancing of her home if not cleared. (See CCP sec. 697.310(a) ("Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.")) Bragg alleges her "loan cannot close" and she "will lose [her] rate lock and suffer substantial monetary damages" if the lien is not cleared "immediately." (Bragg Decl., para. 7.) Bragg also contends she is at immediate risk of invalid collection from Moore pursuant to the live Writ of Execution. Bragg alleges emergency relief is necessary to avoid losing her "rate lock" for her refinancing and to avoid collection under the Writ of Execution.

Bragg has not established exigent circumstances with respect to her alleged refinancing. (CRC 3.1202(c) ("An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.")) Bragg's Declaration is vague regarding the specific property at issue, the rate lock, the extent of monetary damages suffered if the rate is lost, or any other relevant details. Moreover, there is no supporting evidence showing that Bragg has a rate lock or that the rate lock is "immediately" threatened by the lien from the recordation of the abstract of judgment (e.g., a letter from the lender on this subject). Bragg has not made an affirmative factual showing of irreparable harm or immediate danger from the abstract of judgment. However, the risk of Moore levying on Bragg's assets under a potentially invalid Writ of Execution represents an immediate danger to Bragg. Thus, the Court reaches the merits of the Application with respect to the Writ of Execution.

On January 9, 2017, the bankruptcy court granted Bragg a "discharge under 11 U.S.C. [sec.] 727." (RFJN, Exh. 2; 11 U.S.C. sec. 727(b) (Except as provided in section 523 of this title, a discharge under . . . this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter…")) However, a "discharge under section 727 . . . does not discharge an individual debtor" from certain types of debts enumerated in 11 U.S.C. sec. 523(a). In particular, a discharge under section 727 does not discharge an individual debtor's debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," among other exceptions. (11 U.S.C. sec. 523(a)(6).)

Following Bragg's discharge, Moore filed an adversary proceeding in bankruptcy court arguing that "the judgment in LASC case number BC480013 is NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. [sec.] 523(a)(2), (4), (6) and (11))." (RFJN, Exh. 6 (Adversary

/12

Proceeding Complaint, para. 78.)) The bankruptcy court "dismiss[ed] the adversary proceeding with prejudice due to [Moore's] failure to pay the sanctions" of $13,000 due under a sanctions order, without addressing Moore's arguments under Section 523. (RFJN, Exh. 6 (11/17/17 Order.))

Bragg's Ex Parte Application does not address Section 523(a) at any point. This argument is not new to Bragg and is reiterated in Moore's Opposition to the Application. Given that the Final Judgment followed a jury verdict finding Bragg liable for conversion and trespass to chattels in the amount of $3.15 million based on allegations that Bragg took Moore's property after evicting him, the Final Judgment may represent a debt for Bragg's "willful and malicious injury . . . to the property of another entity." (11 U.S.C. sec. 523(a)(6).) Bragg does not argue the dismissal of Moore's adversary proceeding constituted a determination that the Final Judgment was discharged. On the other hand, Judge Fujie found on December 1, 2021 that "the Money Judgment evidenced in the Final Judgment was itself discharged in Defendant's bankruptcy proceeding," indicating that the discharge may have encompassed Moore's judgment.

Bragg's Ex Parte Application provides insufficient grounds for Department 1 to determine on an ex parte basis that the bankruptcy court's January 9, 2017 order discharging Bragg's debts encompassed the Final Judgment (or its monetary component). There is no evidence that any judge has yet addressed whether the Final Judgment falls under Section 523(a)(6). However, the dismissal of Moore's adversary proceeding *with prejudice* and Judge Fujie's December 1, 2021 Order indicate the Final Judgment was indeed discharged. This critical issue goes to the validity of a $3.15 million judgment at the heart of this litigation and is much better-suited to determination by a fully noticed motion before Judge Fujie rather than an ex parte application before Department 1, particularly where Judge Fujie may already have some familiarity with the issue.

Finally, it is unclear what statutory mechanism or authority Bragg relies upon to seek cancellation or recall of the recorded Abstract of Judgment and resulting lien. (See CPP sec. 697.310, *et seq.* (statutory scheme for judgment liens on real property)) It is thus unclear from the Application that the Court can grant the requested relief with respect to the Abstract of Judgment and/or the lien.

Hence, the Court declines to now discharge, cancel, or recall the Abstract of Judgment and Writ of Execution. Instead, in order to maintain the status quo pending determination of this issue and to avert any immediate danger to Bragg from the Writ of Execution, the Court stays enforcement of the Writ of Execution pending further order. Moore is not permitted to levy on Bragg's assets pursuant to the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharged by the bankruptcy court. The Application is otherwise DENIED WITHOUT PREJUDICE.

114

# EXHIBIT

# M

*115*

1

2

3

4

5

6

7

| FILED & ENTERED |
| :-- |
| APR 26 2022 |
| CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY fortier      DEPUTY CLERK |

8

9

10

11

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

12

13

14

15

16

17

18

19

20

21

22

23

24

In re:

KIMBERLY BARBOUR,

                                        Debtor(s).

Case No. 2:16-bk-22878 BR

Chapter 7

**MEMORANDUM FINDING IVAN RENE MOORE IN CONTEMPT OF COURT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. § 524(a) AND IMPOSING SANCTIONS**

Hearing Date:

Date:   March 8, 2022
Time:   10:00 a.m.

Date:   April 19, 2022
Time:   2:00 p.m.
Place:  Courtroom 1668
        Roybal Federal Building
        255 East Temple Street
        Los Angeles, CA 90012

25

26

27

28

   On February 7, 2022 the Court entered an Order to Show Cause why Ivan Rene Moore Not Be Held In Contempt For His Willful Violation Of The Discharge Injunction. On February 22, Mr. Moore filed an opposition to the OSC and on February 23, the debtor filed her reply to Mr. Moore's opposition.

116

1    The initial hearing on the OSC was held on March 8, 2022 at 10:00 a.m. at which

2  time Mr. Steven A. Schuman appeared for the debtor and Mr. Moore appeared *in propia*

3  *persona.* After considering the pleadings and oral argument, the Court found Mr. Moore

4  in contempt of Court for violating the discharge injunction under 11 U.S.C. § 524(a).

5    At the conclusion of the March 8, 2022 hearing, the Court set a hearing for April

6  19, 2022 to determine the amount, if any, of compensatory damages should be

7  awarded against Mr. Moore as sanctions for his violation of the discharge injunction.

8    On March 28, 2022, Mr. Schuman filed his declaration in support of the debtor's

9  request for monetary sanctions requesting damages for attorneys' fees and costs in the

10  amount of $28,828.52.

11    At the April 19, 2022 hearing, Mr. Schuman appeared for the debtor and Mr.

12  Moore appeared *in propia persona.* After consideration of the pleadings and oral

13  arguments, the Court awarded sanctions against Mr. Moore in the amount of

14  $28,828.52.

15    The following constitutes the Court's findings of fact and conclusions of law:

16                          <u>FINDINGS OF FACT</u>

17    1.    On September 3. 2013, the Los Angeles County Superior Court entered a

18  money Judgment in the amount of $3,150,000 in favor of Ivan Rene Moore and against

19  Kimberly Barbour, in *Moore v. Bragg,*, LASC Case No. BC480013.

20    2.    On September 28, 2016, the debtor filed her chapter 7 bankruptcy in this

21  Court.

22    3.    On October 1, 2016, the bankruptcy clerk sent a notice to the debtor's

23  creditors, including Mr. Moore, pursuant to Federal Rules of Bankruptcy Procedure Rule

24  4004 and 4007, setting January 7, 2017 as the deadline for filing complaints objecting to

25  the debtor's discharge under 11 U.S.C. § 727 and complaints to have a debt excepted

26  from discharge under 11 U.S.C. § 523(a)(2), (4) or (6).

27    4.    On December 9, 2016, Mr. Moore filed a timely complaint to *inter alia,*

28  except from discharge his state court judgment under 11 U.S.C. § 523(a)(2), (4) or (6).

-2-

*117*

1      5.     On January 9, 2017, this Court issued an order granting the debtor's
2 discharge (Docket No. 50).

3      6.     On September 7, 2017, this Court entered an order sanctioning Mr. Moore
4 $13,000 for failure to comply with a prior discovery order of this Court.  He was ordered
5 to pay the $13,000 to debtor's counsel by October 23, 2017 and was told that if he failed
6 to make the payment that the complaint would be dismissed in its entirety.

7      7.     On November 17, 2017, this Court entered an order dismissing the
8 complaint with prejudice due to Mr. Moore's failure to make the $13,000 payment.

9      8.     On November 30, 2017, Mr. Moore appealed the order dismissing the
10 complaint to the United States District Court.

11      9.     On December 20, 2017, District Judge Stephen Wilson dismissed four
12 appeals including the appeal of the sanctions order and the appeal of the dismissal
13 order which provided:

14         The Court, on November 22, 2017, upon
15         consideration of the Appellant's response to the Court's
order to show cause, granted additional time to file his
16         opening brief.

17         The appellant, having failed to meet this deadline, and
18         without notification to the Court why he could not comply
with the order setting the scheduled has shown a complete
19         disregard for this Court, its orders and deadlines.  The
appellant has clearly demonstrated a complete lack of
20         interest in pursing this matter.

21         Therefore, the instant case and all consolidated cases
22         are dismissed.

23      10.     Upon the dismissal of Moore's appeal, the judgment in *Moore v. Bragg*,
24 LASC Case No. BC480013, was forever discharged, as were all other pre-petition
25 claims.

26      11.     On September 27, 2021, Moore obtained a writ of execution from the Los
27 Angeles County Superior Court in connection with the judgment in *Moore v. Bragg*,
28 LASC Case No. BC480013.  In so doing, Moore violated the discharge injunction.

118

12.     On November 16, 2021, Moore obtained from the Los Angeles County Superior Court an abstract of the judgment in *Moore v. Bragg*, LASC Case No. BC480013. In so doing, Moore again violated the discharge injunction.

13.     On November 24, 2021, Moore caused a copy of the abstract of judgment to be recorded by the Los Angeles County Recorder's Office. In so doing, Moore again violated the discharge injunction.

14.     This is not the first time that an OSC re contempt has been filed by the debtor against Mr. Moore for violating the debtor's discharge injunction. On August 29, 2017, the debtor filed an OSC against Mr. Moore which was heard before this Court on November 14, 2017 at which time the Court found Moore in contempt for violating the debtor's discharge injunction and set January 23, 2018 for a hearing to determine the amount of sanctions. On March 2, 2018, the Court entered an order (Docket No. 173) imposing sanctions of $10,800 against Moore to be paid within ten days of the entry of the order to debtor's counsel. To date, Moore has not paid the sanction.

15.     The Court finds that Moore knew and understood what it meant when the complaint was dismissed with prejudice, i.e., that it could never be filed again and therefore that the debt was discharged and could not be enforced.

16.     The Court finds that Moore knew and understood that the judgment in *Moore v. Bragg*, LASC Case No. BC480013, had been discharged, and that he willfully and intentionally violated the discharge injunction by obtaining a writ of execution, and by obtaining and causing to be recorded an abstract of judgment.

17.     The Court finds that, by violating the discharge injunction again, Moore caused debtor to suffer damages in the amount of $28,828.52 and Moore will be sanctioned in this amount.

-4-

*119*

<u>CONCLUSIONS OF LAW</u>

1.      This Court's January 9, 2017 order discharged all prepetition debts of the debtor except as to debts under § 523(a)(2), (4) or (6) subject to a timely filed adversary proceeding. Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c), i.e., § 523(a)(2), (4) or (6), shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

2.      Section 523(c) provides:

> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

3.      The time for filing a complaint seeking to except any of the debtor's debts from discharge under § 523(a)(2), (4) or (6) expired on January 7, 2017.

4.      Due to the fact that Moore's complaint alleging that his state court judgment was excepted from discharge pursuant to § 523(a)(2), (4) or (6) was dismissed with prejudice on November 17, 2017 and his appeal of that order was dismissed by the District Court on December 20, 2017, he can no longer ask this Court to determine that his judgment was excepted from discharge under § 523(a)(2), (4) or (6).

5.      Therefore, pursuant to §§ 523(c)(1) and 524(a), Moore's judgment has been discharged. Because his complaint was dismissed with prejudice, the Court will <u>never</u> determine that his judgment would be excepted from discharge under § 523(a)(2), (4) or (6).

120

1        6.    The judgment in *Moore v. Bragg*, LASC Case No. BC 480013, has been

2    discharged, and any attempt to enforce that judgment is a violation of the discharge

3    injunction.

4        7.    The writ of execution issued on September 27, 2021, is void.

5

6        8.    The abstract of judgment issued on November 16, 2021, and recorded on

7    November 24, 2021, in the County of Los Angeles, as document number 20211750778,

8    is void.

9        9.    Moore violated the discharge injunction by obtaining the writ of execution,

10   by obtaining the abstract of judgment and by recording the abstract of judgment.

11       The Court will enter a separate order concurrently with the entry of this

12   Memorandum finding that Moore is in contempt of Court and imposing sanctions of

13   $28,828.52.

14

15   # # #

16

17

18

19

20

21

22

23

24

25   Date: April 26, 2022

26   Barry Russell
     United States Bankruptcy Judge

27

28

-6-

121

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

IVAN RENE MOORE
1236 S REDONDO BLVD
LOS ANGELES, CA 90019

STEVEN A. SCHUMAN, ESQ.
LEONARD, DICKER & SCHREIBER LLP
10940 WILSHIRE BLVD STE 2100
LOS ANGELES, CA 90024

☐ Service information continued on attached page

Date:   4/26/2022         Signature: _STACEY FORTIER_

                          Deputy Clerk [*printed name*]:   STACEY FORTIER

CACB Rev. June 2016

122

# EXHIBIT

# N