UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RENE MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, et al.,<br><br>  Defendants. | Case No. 2:17-cv-04828 (GJS)<br><br>**ORDER DENYING MOTION TO VACATE VEXATIOUS LITIGANT DESIGNATION AND PRE-FILING ORDER** |

On June 30, 2017, Plaintiff Ivan Rene Moore ("Moore") commenced this action against Defendant Wells Fargo Bank and others. Put briefly, this case stemmed from Moore's contentions that: millions of dollars' worth of his personal property remained at his former residence – 6150 Shenandoah Avenue, Los Angeles California 90056 (the "Shenandoah Residence"); Kimberly Barbour (aka Bragg) ("Bragg"), his former partner, had obtained possession of the Shenandoah Residence and evicted Moore, while wrongfully retaining his personal property; Moore had obtained a large state court judgment against Barbour in 2013, upon which he had been unable to execute; and Wells Fargo and other Defendants wrongfully had attempted to collect on a debt owed by Moore by taking possession of his personal property. Moore raised several federal claims as well as numerous state law claims.

The Defendants moved to dismiss the action and sought to have Moore declared a vexatious litigant and to have a pre-filing order issue. On May 17, 2018, the Court granted the motions to dismiss by, *inter alia*, dismissing the federal claim alleged against Wells Fargo with prejudice on res judicata grounds and by declining to exercise supplemental jurisdiction over the state law claims. The Court also declared Moore to be a vexatious litigant, concluding that he previously had filed numerous frivolous, duplicative and meritless lawsuits involving his asserted rights to the personal property located at the Shenandoah Residence, and he had shown a pattern of harassing litigation in the state courts (where he already had been declared a vexatious litigant) and in prior cases brought in this District against state court judges (including one brought in disregard of an Order of the United States Court of Appeals for the Ninth Circuit). [*See* Docket No. 27, Report and Recommendation adopted by the Court on May 17, 2018.] The Court issued a pre-filing order as follows:

> Any case-initiating pleading submitted by [Moore] must be screened to determine if does any of the following: seeks to raise any of the claims alleged in this action; attacks, seeks to vacate, void or expunge, or otherwise seeks to challenge in any way – whether directly or indirectly – Wells Fargo's $7.1 million judgment lien or Wells Fargo's right to levy and sell personal property of Moore and the other Judgment Debtors; or seeks to litigate ownership of 6150 Shenandoah Avenue, Los Angeles, California 90065 ("Shenandoah Residence") or the personal property at the Shenandoah Residence.

(Docket No. 35, hereafter, the "Vexatious Litigant Order.") The Vexatious Litigant Order further: ordered Moore to submit a copy of the Vexatious Litigant Order with any case-initiating pleading he proffered to this District Court in the future; and directed that any case-initiating pleading falling within the scope of the Vexatious Litigant Order was not to be filed unless Moore submitted with it concurrently a motion seeking leave to file the pleading that set forth adequate justification for the filing of the new case and a Judge of this Court granted such leave and directed that

the pleading be filed and the case be initiated.

Moore appealed the Court's May 17, 2018 Order dismissing this case and the Vexatious Litigant Order. On January 23, 2019, the Ninth Circuit affirmed the dismissal and the issuance of the Vexatious Litigant Order. [*See* Docket No. 41.]

A review of the CM/ECF docketing system shows that, since the Vexatious Litigant Order issued, Plaintiff has been an active litigant in the United States Bankruptcy Court for the Central District, both in connection with his own bankruptcy proceeding and in connection with numerous adversary proceedings he has brought in Bragg's bankruptcy proceeding as well as his own, along with related appeals filed in the District Court. The Court need not recount all of these proceedings but will note some of the salient events below when pertinent.

Over three years after the Vexatious Litigant Order issued, on September 6, 2022, Moore lodged a motion in this action entitled "Ivan Rene Moore's Motion To Vacate Vexatious Litigant Designation And Pre-Filing Order Injunction Because The Specific Vice Encountered When The Order Was Entered No Longer Exist Therefore Moot; And There Is No 'Cases and Controversies' Concerning Wells Fargo's Right To Levy And Sell Personal Property" ("Motion"). Moore contends that the Vexatious Litigant Order is moot because in his bankruptcy proceeding, on June 5, 2020, his debt owed to Wells Fargo was discharged in full. Moore also complains that the Vexatious Litigant Order constitutes an "injunction" prohibiting him from enforcing his 2013 state court judgment obtained against Bragg and, further, prevents him from protecting his rights by precluding him from bringing actions in federal court.[1] Finally, Moore contends that the Vexatious Litigant Order: violates the *Rooker-Feldman* doctrine, the Full Faith and Credit statute, and the

---

[1] Moore also complains at length about various rulings issued by United States Bankruptcy Judge Barry Russell in Moore's bankruptcy proceeding and in Bragg's bankruptcy proceeding. Moore's attempt to challenge those rulings through this Motion filed in a long-closed civil and non-bankruptcy-related action plainly is improper; he must use the appropriate appeals process to do so.

3

Tenth Amendment by failing to "honor" his 2013 state court judgment against Bragg; and deprives him of his federal constitutional right to access the courts by precluding him from appealing Bankruptcy Judge Russell's adverse rulings.

The Court has carefully consider the Motion and finds it to be without merit. As a threshold matter, Moore's mootness assertion fails given that it rests on the false premise that this action and the related Vexatious Litigant Order – and the matters that led to the issuance of the Vexatious Litigant Order – solely involved a debt dispute between Moore and Wells Fargo. While Moore sought relief through his Complaint in this case with respect to Wells Fargo's exercise of its rights as a secured creditor with respect to Moore's personal property located at the Shenandoah Residence, Moore also made numerous allegations of wrongdoing against Bragg, including accusing her of being a conspirator in a host of matters related to Moore's personal property and the Shenandoah Residence, and named Bragg's husband as a Defendant, also accusing him of the same conspiratorial acts.

Moore's Complaint allegations and claims as to Wells Fargo in this case were wholly interwoven with his disputes with Bragg related to the Shenandoah Residence and his personal property located at that residence. Any fair reading of the Report and Recommendation from which the Vexatious Litigant Order stems readily shows that Moore's debt dispute with Wells Fargo was not the sole basis for the Court finding him to be a vexatious litigant; rather, his ongoing litigation stemming from his disputes with Bragg was a substantial basis for concluding – as the state court already had done – that Moore was vexatious. Indeed, Moore conveniently ignores that the Vexatious Litigant Order – as quoted above – has two pre-filing components: the first related to future litigation involving Moore's debt to Wells Fargo and its right to levy and sell his personal property; and (2) the second related to attempts by him to "litigate ownership of [the Shenandoah Residence] or the personal property at the Shenandoah Residence." That Moore's debt to Wells Fargo has been discharged does not serve as a basis for re-writing history or vitiate

the reasons why both the state court and this Court have found vexatious litigant designations appropriate as to Moore, including with respect to his ongoing attempts to pursue litigation related to the Shenandoah Residence and his personal property maintained at that residence.

Moore's "injunction" argument is equally meritless. Plainly, nothing in the Vexatious Litigant Order prevents Plaintiff from seeking to enforce the 2013 state court judgment he obtained against Bragg, as he asserts. In fact, as Plaintiff alleges, regardless of the Vexatious Litigant Order, on May 20, 2021, he was able to obtain a state court writ of possession stemming from that judgment, which the Los Angeles County Sheriff's Department executed at the Shenandoah Residence on July 7, 2021, resulting in the recovery of some of Moore's property. In addition, Moore was able to record an abstract of judgment issued on November 16, 2021, based on that 2013 judgment and which may constitute a lien on the Shenandoah Residence. [*See* Motion at 16-18, Exhs. G-L.] That the United States Bankruptcy Court has concluded that Moore's state court judgment against Bragg was discharged in her bankruptcy proceedings and that Moore violated the discharge injunction in taking the above actions [*see* Motion, Exh. M, April 26, 2022 Memorandum in *In re: Kimberly Barbour*, Case No. 2:16-bk-22878 BR] has nothing to do with the Vexatious Litigant Order; any contention otherwise is untrue.

Moore simply ignores that the Vexatious Litigant Order is not an outright ban on litigation by him in any court but, rather, imposes two procedural requirements with which he must comply before initiating a new lawsuit in *this* District Court that seeks to "litigate ownership of [the Shenandoah Residence] or the personal property at the Shenandoah Residence." Moore's representation that the existence of the Vexatious Litigant Order prevents him from appealing rulings of the United States Bankruptcy Court and therefore operates as an injunction is frivolous. Since the Vexatious Litigant Order issued, Moore has filed 12 bankruptcy appeals in this District Court. Two of those appeals are pending [Nos. 2:20-cv-10981-JWH and

5

2:22-cv-03758-GW]. In one case, the appeal was resolved on its merits, with an affirmance of the Bankruptcy Court's decision [No. 2:19-cv-01016-DOC, Docket No. 25]. Another was dismissed on the ground that the order appealed from was interlocutory and non-final [No. 2:20-cv-01450-JWH, Docket No. 28]. Three were dismissed for failure to prosecute, because Moore had failed to perfect his appeal in a timely manner [No. 2:22-cv-02973-SVW, Docket No. 12; 2:20-cv-10980-FMO, Docket No. 13; 2:20-cv-05733-FMO, Docket Nos. 14-15].

        The five remaining appeals – including the two cases cited by Moore in the Motion – were dismissed because Moore failed and/or refused to comply with the Vexatious Litigant Order's pre-filing requirements, despite being put on notice that his compliance was required. For example, in No. 2:22-cv-03451-DMG, in which Moore appealed a May 9, 2022 Order in his adversary proceeding in Bragg's bankruptcy case, United States District Judge Dolly M. Gee issued an Order To Show Cause as to why the case should not be dismissed based on Moore's failure to comply with the requirements of the Vexatious Litigant Order [Docket No. 13]. In response, Moore refused to comply with those requirements, asserting that the Vexatious Litigant Order was "moot with no force and effect," accusing Judge Gee of issuing a "frivolous and baseless OSC" that was "unfounded, untrue and erroneous," and accusing her of bias [Docket No. 14]. Judge Gee again concluded that the subject matter of the appeal fell within the scope of the Vexatious Litigant Order, but that because Moore had not complied with its terms (which include submitting a copy of the Order and a motion seeking leave to initiate a new action), dismissal was required [Docket No. 15]. Similarly, No. 2:22-cv-04454-PA was another bankruptcy appeal taken by Moore in connection with a Bankruptcy Court ruling in his adversary proceeding in Bragg's bankruptcy case. On August 18, 2022, a member of the Clerk's Office (and *not* the assigned United States District Judge, as Moore incorrectly asserts) issued a Notice of Clerical Error based on Moore's failure to comply with the procedural requirements of the Vexatious Litigant Order

and thereby "administratively closed" the case [Docket No. 12]. *See also* No. 2:22-cv-06465-MEMF, Docket No. 14; No. 2:22-cv-03814-JGB, Docket No. 10; and No. 2:22-cv-03463-JGB, Docket No. 15.

In short, out of 12 bankruptcy appeals Moore has taken since the Vexatious Litigant Order issued, only five were closed for reasons related to the Vexatious Litigant Order. In each instance, however, that case closure was the direct result of Moore's *own* conduct, namely, his refusal to comply with the two threshold procedural requirements of the Vexatious Litigant Order; it was not the result of any purported "injunctive" effect imposed by the Order.

The Court notes that, recently, United States Bankruptcy Judge Barry Russell has declared Plaintiff to be a vexatious litigant and issued a pre-filing order imposing requirements that must be met before he files "any" action against Bragg, or her spouse, agents or attorneys. In his Findings of Fact and Conclusions of Law, Judge Russell determined, *inter alia*, that Moore not only had ignored Court orders in the bankruptcy proceeding but had "conducted himself in a continually willful, vexatious and harassing manner against Debtor, her spouse and her attorneys," including by repeatedly attempting to enforce discharged judgments. [*See In re: Kimberly Barbour*, Case No. 2:16-cv-22878-BR, Docket Nos. 327, 328, and 338.] Significantly, this Order also was based on Moore's own conduct during Bragg's bankruptcy proceeding, *not* on any asserted violation of the Vexatious Litigant Order or, indeed, for any reason having anything to do with the Vexatious Litigant Order.

Moore's belief that the Vexatious Litigant Order is not valid does not entitled him to ignore it. Moore cannot use his own his refusal to comply with the Vexatious Litigant Order's procedural pre-filing requirements, and the resulting adverse consequences that have followed, as a purported justification for vacating the Vexatious Litigant Order. If any of Moore's numerous bankruptcy appeals have been dismissed because he refuses to comply with the pre-filing requirements of the

Vexatious Litigant Order, that is of his own doing and does not render the Order moot or invalid.

Finally, the Court will not spend any time addressing Moore's *Rooker-Feldman*, Tenth Amendment, and Full Faith and Credit arguments, because they are patently meritless. Nothing about the Vexatious Litigant Order constitutes an impermissible district court review of a Plaintiff's 2013 state court judgment against Bragg, and Moore's invocation of the *Rooker-Feldman* bar is specious. The same is true of his contentions that the existence of the Vexatious Litigant Order somehow violates the full faith and credit doctrine or statute and the Tenth Amendment by constituting an injunction against Moore's enforcement of the 2013 judgment. These assertions are bereft of any legal or factual basis.

Accordingly, for the foregoing reasons, IT IS ORDERED that: the Clerk's Office shall file the lodged Motion; and the Motion is DENIED.

**IT IS SO ORDERED.**

DATED: February 15, 2023

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE